# Ackerman et al., *versus* Buchman et al.

A petition by A. et al., after showing their authority to act as a Board of Water Commissioners in constructing public water works for the Borough of Easton, under the Acts of March 12th, 1867 and April 15th, 1867, set out that they had selected a site for the works and for the reservoir, as the law provided; that said location was suitable and convenient; that arrangements had been made for the purchase of the land from the owners; that B. et al., the town council, had been duly notified of the action of A. et al., and had been called upon to issue bonds to raise the money necessary to carry out the provisions of said Acts; but that B. et al., had refused to issue the bonds or to take such action as the Acts required. The petition then prayed for a mandamus to compel the issuing of the bonds. The answer of B. et al. averred that A. et al. had not informed them whether any contract had been made to construct the works, or whether they would be constructed otherwise; nor how much money would be required during any specified period; that A. et al. had not requested the appropriation of any specific sum for the work; that they, B. et al., had been advised that under the said Acts it was not necessary for them to borrow money for the construction of the works unless the current revenues of the borough were insufficient therefor; that in the absence of any estimate of the cost of said works they had no basis upon which to make appropriations. The answer further set up that the issue of the bonds would be a violation of Sec. VIII, Art. IX of the new consti-

[Ackerman et al. *v.* Buchman et al.]

tution and of the Act of April 20th, 1874. To this answer A. et al. demurred, and the court gave judgment for them on the demurrer and ordered the mandamus to issue.

*Held* that this was error. B. et al. were given authority by the Acts of 1876 to issue the bonds, but under said Acts they were judges of the necessity for such issue, and they were entitled to the information specified in their answer and admitted by the demurrer to be lacking, before they could properly determine such necessity.

*Held*, also, on the authority of Wheeler *v.* Phila., 27 P. F. S., 352 and Pike County *v.* Rowland, 9 W. N. C., 241, that the issuing of the bonds under said Acts of 1867 would not be a violation of Sec. VIII., Art. IX. of the new Constitution, or of the Act of April 20th, 1874.

March 9th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN and CLARK, JJ. absent.

ERROR to the Court of Common Pleas of *Northampton county:* Of January Term 1883, No. 245.

Petition by Evan Buchman et al., Water Commissioners, against William C. Ackerman et al., Town Council of the borough of Easton, for a writ of mandamus to compel said councils to issue bonds for the construction of public water works.

The petition set forth, *inter alia*, the following provisions of the Act of March 12th, 1867 and the supplement of April 15th, 1867, upon which it was based, to wit: "That the corporation of the Borough of Easton in the county of Northampton be and is hereby authorized to construct and provide public water works for said borough and vicinity."

"That the qualified voters of said borough, at the next election, shall select three competent freeholders, one from each ward, to compose a board of water commissioners, who shall have full power and authority to carry this Act into effect, and by contract or otherwise, locate and construct water works with sufficient reservoir, using the water from the river Delaware, and generally with power to make all contracts and purchases necessary therefor."

"That the Borough Corporation is authorized to issue bonds, to raise the money necessary for the purposes of this Act, payable with six per centum interest semi-annually to the holders thereof; said bonds to be exempt from taxation for borough purposes, the amount thereof not to exceed one hundred and fifty thousand dollars and payable in ten, fifteen, twenty and twenty-five years after issue, with the reserved right to pay the same, or any number thereof, after five years.

"That the qualified voters of Easton shall have the right to determine by vote, the expediency of constructing water works by said borough corporation as provided by the Act to which this is a supplement; and for this purpose the council

are directed and required to call a special election, in the respective wards, to be conducted in the manner provided for spring elections, the expense of which shall be paid by the borough."

The petition then recited the vote of the qualified voters of Easton, passed February 15th, 1881, in favor of public water works, and the selection of the petitioners as water commissioners, and then continued as follows: "That your petitioners, the three commissioners, elected and qualified as aforesaid, have selected a site on the river Delaware for the erection of the water works and the buildings and appliances necessary thereto. Also, a site for the reservoir on the hill adjacent, into which they propose to pump water from the Delaware river for supplying the citizens through pipes, as the law provides. That the said locations, in their judgment, are in every way suitable and convenient, and the amount of land in quantity ample for the purpose; that arrangements have been made with the owners for the purchase of said land upon terms and for a price reasonable and just. That the town council of the borough of Easton have been from time to time duly notified, in writing and otherwise, of the action of your petitioners, and have been called upon to issue the bonds to raise the money necessary for them to carry out the provisions of the law, and to discharge the duties imposed upon them thereby. That the said, the town council, have hitherto neglected and refused to comply with the request of your petitioners, and to take such action in the premises as the law provides.

"Your petitioners therefore pray the court to issue their writ of mandamus, directed to William C. Ackerman . . . . . the members composing the board and town council of the borough of Easton, commanding them to proceed to the performance of their duty in the premises, and forthwith carry out the provisions of the said Act and supplement, and to issue bonds to raise the money necessary for the erection and construction of public water works for said borough and vicinity, as the law directs."

The answer of the respondents was, *inter alia*, as follows:

*Second.*—That whether the said commissioners have selected a site either for the water works, or for the reservoir, these respondents are not officially informed, nor do they know whether the same is the fact except from the statement of the said commissioners.

*Third.*—That by section 9, of the Act of March 12th, 1867, which is referred to in the aforesaid petition, it is provided as follows, viz: "That all moneys appropriated to the construction of said water works shall be drawn by checks on the

borough treasurer signed by said commissioners, or a majority of them and countersigned by the president of the town council for the time being."

That by section 13, of the same Act it is provided as follows, viz : " That the town council shall exercise a general supervision over the water works and the affairs and doings of the commissioners with their superintendent and clerk, shall have power to dismiss from office in case of malfeasance by a vote of two thirds."

That the said water commissioners have not yet informed the town council whether they have made any contract to construct the said works, or whether they will construct them otherwise than by contract. That they have not informed the said town council how much money will be required during the year 1882 or during any other period of time for the construction of said works or any part thereof; nor have they requested the said town council to appropriate any specified sum of money to the construction of the said water works.

That your respondents are advised that a reasonable construction of the said Act of Assembly does not require the said town council to borrow money or issue bonds for the construction of said water works, unless they should find that the current revenues of the said borough from year to year should be insufficient for the payment of the cost and construction of the said water works, and that as the said water commissioners have not furnished the said town council with any estimate or statement either of the contract price of constructing said water works, or of the probable cost of constructing the same otherwise than by contract, the said town council have had no data or basis upon which to make appropriations for the construction of said works, and these respondents are advised that they are not required to vote for the issue of bonds by the said corporation until it be ascertained that the current revenues of the said borough are insufficient to pay for the cost of said works.

*Fourth.*—that the bonded debt of said borough of Easton now exceeds the sum of one hundred and fifty thousand dollars, and these respondents are advised that under Article IX., Section 8, of the Constitution of Pennsylvania, the town council is not authorized to increase its indebtedness further, without a vote of the electors of borough authorizing such increase ; and that a further increase of said debt is forbidden by the provisions of the Act of April 20th, 1874, Pamphlet Laws of 1874, page 65, etc.

*Fifth.*—That your respondents are advised that by Article 16, Sec. 1, of the Constitution of Pennsylvania the powers

13 OUTERBRIDGE—17

granted by said Act of March 12th, 1867, have no longer any validity, inasmuch as the qualified voters of the said borough did not make an *organization* under said Act before the adoption of the Constitution.

To this answer the petitioners demurred, and the court entered judgment for the petitioners on the demurrer, directing a peremptory mandamus to issue, as prayed for in the petition.

The respondents thereupon took this writ filing the following assignments of error:

1.—The court erred in deciding that the issue of bonds commanded in the writ of alternative mandamus was not in violation of Section 8, Article IX. of the Constitution and the Act of April 20, 1874.

2.—The Court erred in deciding that the town council of the borough of Easton, in the absence of any report to them of the nature of the contract made by the water commissioners or any estimate of the amount of money required for the construction of water works, could be commanded to issue bonds for either purpose.

3.—The court erred in granting the writ to compel the town council to issue bonds for the construction of water works, it not affirmatively appearing that the current revenues of the borough corporation were insufficient for that purpose.

4.—The court erred in granting the writ, the water commissioners never having requested town council to appropriate any specified sum for the construction of water works nor submitted to council any estimate upon which an appropriation could be made.

5.—The court erred in granting the writ of peremptory mandamus.

*Frank Reeder*, for plaintiffs in error.—The issue of bonds commanded by the mandamus would be a violation of Art. IX., Sec. 8, of the Const. of 1874. The present bonded debt of Easton is already in excess of two per cent. upon the assessed valuation of the property therein. The said section of the Const. provides that no such municipality shall "incur any new debt, or increase its indebtedness to an amount exceeding two per cent. upon such assessed valuation of property, without the assent of the electors thereof at a public election." This phrase fixes a limit to the *debt* not to the *increase*. The bonds therefore cannot be legally issued without the assent of the electors at a public election.

Section 13, of the Act of March 12th, 1867 provides, "that the town council shall exercise a general supervision over the water works and the affairs and doings of the commissioners

. . . . . " Under this provision it is necessary that the respondents should have the information with which they have not been furnished, as appears by their answer and is admitted by the demurrer. Without this information it is obvious that they cannot properly perform their duty as specified in the Act.

*M. H. Jones, W. S. Kirkpatrick* and *Robert I. Jones,* for defendants in error.—The question as to the right of the town council to issue the bonds under the new constitution has been twice decided by this court, which has held "that the municipal authorities may increase the debt from time to time, until two per centum has been added; provided the original debt with the increase, does not exceed seven per centum:" Wheeler *v.* Phila., 27 P. F. S., 352; Pike County *v.* Rowland, 9 W. N. C., 241. No appropriation of money has been made by the town council, on the contrary they flatly refuse to act. The answer to their refusal is found in the words of the Acts themselves. Money must be appropriated so that the borough treasurer can pay, and the president of the town council is to countersign the checks. The supplement provides that the town council shall forthwith proceed to the performance of their duties.

It is made the duty of the town council to inquire of the water commissioners what amount is needed. The commissioners are to build, by contract or otherwise, and the council furnish the money. Council must appropriate money for the use of the commissioners.

Mr. Justice STERRETT delivered the opinion of the Court, October 5th, 1885.

After fully and sufficiently setting forth their authority to act as a board of water commissioners in the construction of the public water works under the provisions of the Act authorizing the same, the plaintiffs below aver that they have selected a site for the erection of such works and the buildings and appliances necessary thereto, and also a site for the reservoir, etc., as the law provides; "that said locations, in their judgment, are in every way suitable and convenient, and the amount of land in quantity ample for the purpose; that arrangements have been made with the owners for the purchase of said land upon terms and for a price reasonable and just."

Then follow the averments of fact which, it is claimed, constitute such neglect of duty, on the part of the town council, as warrants the issuance of the mandamus, viz : " That the town council of the borough of Easton have been from time to time duly notified, in writing and otherwise of the action of your petitioners, and have been called upon to issue the

bonds to raise the money necessary for them to carry out the provisions of the law, and to discharge the duties imposed upon them thereby."

" That the said, the town council, have hitherto neglected and refused to comply with the request of your petitioners, and to take such action in the premises as the law provides."

In response to these averments, the defendants below, members of the town council, in the third paragraph of their answer to the alternative writ, aver, inter alia, " That the said water commissioners have not yet informed the said town council whether they have made any contract to construct the said works, or whether they will construct them otherwise than by contract. That they have not informed the said town council how much money will be required, during the year 1882 or during any other period of time, for the construction of said works or any part thereof; nor, have they requested the said town council to appropriate any specific sum of money to the construction of said water works."

" That your respondents are advised that a reasonable construction of the said Act of Assembly does not require the said town council to borrow money or issue bonds for the construction of said water works, unless they should find that the current revenues of the said borough from year to year should be insufficient for the payment of the cost and construction of the said water works, and that as the said water commissioners have not furnished the said town council with any estimate or statement either of the contract price of constructing said water works, or of the probable cost of constructing the same otherwise than by contract, the said town council have had no data or basis upon which to make appropriations for the construction of said works, and these respondents are advised that they are not required to vote for the issue of bonds by the said corporation until it be ascertained that the current revenues of the said borough are insufficient to pay for the cost of said works."

While the petition in the inducement clauses thereof, is sufficient, it is defective in not setting forth such facts as are necessary to show that the town council was in default in not discharging the duties devolved on them by the Act. Conceding to the board of water commissioners the most extended authority they can possibly claim under the Acts recited in their petition, it was surely their duty to furnish the town council with full and specific information, of the nature and character set forth in the above quoted portions of the answer, including an estimate or estimates of the amount that would be required to prosecute the work entrusted to them, and make due and timely requisition on the council for the amount

so required.  While the powers of the board are large and ample, their authority is not supreme.  The town council are charged with the duty of providing the funds necessary to construct the water works ; but, in order that they may discharge that duty properly, they should be furnished with such information as will enable them to act intelligently and for the best interests of their constituents.  They are clothed, it is true, with authority " to issue bonds to raise money necessary for the purposes of the Act " but they are the judges of the necessity for doing so.  If they find that the current revenues of the borough from year to year are sufficient to pay for the construction of the works, they are not required to create a bonded indebtedness under the authority given them by the Act.  For these and other reasons that might be suggested, it is obvious that the town council should be formally and officially furnished with such information as has been suggested and is not averred in the petition.  The petition being defective in that regard the writ of mandamus should not have issued.

But, aside from this, assuming that the averments of the petition above quoted sufficiently charge the town council with neglect of duty, it should be observed these averments are not all admitted by the pleadings.  On the contrary, the converse of some of them is thereby admitted.  By demurring to the answer the plaintiffs below admit everything that is well pleaded therein, whether by way of traverse or otherwise.  They thus admit, for example, the averments of fact above quoted from the third paragraph of the answer, among which are, that they never "informed the town council how much money would be required during the year 1882, or during any other period of time, for the construction of said works or any part thereof; " that they never "requested the town council to appropriate any specified sum of money to the construction of said water works ; " and that they never " furnished the town council with any estimate or statement either of the contract price of constructing said water works, or of the probable cost of constructing the same otherwise than by contract."  We have already said it was their duty to do these things before they are in a position to charge the town council with negligence and refusal to perform their duty.  This is an additional reason why the peremptory writ of mandamus should not have issued.   The second to fifth specifications of error inclusive are sustained.

In the first specification it is claimed " the court erred in deciding that the issue of bonds commanded in the alternative writ of mandamus was not in violation of Section 8, Article IX. of the Constitution."  This presents substantially the same

question that was considered and passed upon by this court in Wheeler *v.* Philadelphia, 27 P. F. S., 352; and Pike County *v.* Rowland, 13 Norris 238. The very able and ingenious argument of the learned counsel for defendants below has failed to convince us that there is any error in the construction given by the learned judge to the constitutional provision above referred to. The first assignment is dismissed.

> Judgment reversed and judgment for defendants below on the demurrer.