## Salak, Appellant, *v.* St. Mary's Greek Catholic Church Society et al.

Argued December 3, 1934.   Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY and DREW, JJ.

*Ben Branch,* for appellant.

*George A. Shutack,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, January 7, 1935:

The controversy under consideration in this appeal, grows out of the one this day reviewed in Merman et al. v. St. Mary's Greek Catholic Church of Nesquehoning, Pa., et al., 317 Pa. 33.   Other points are raised here, however, and are elaborately argued; but the questions we are required to decide are, upon the record as made up, relatively few and simple.

John Salak, the appellant, in addition to having been a member of the St. Mary's Greek Catholic Church of Nesquehoning, Pa., was also a member of the "St. Mary's Greek Catholic Church Society of Nesquehoning, Carbon County, Pa.," a beneficial society connected with said church,—hereinafter called the Society,—from which

also he was expelled. The legality of that expulsion is the question to be considered on this appeal.

The proceedings were begun by a petition for a writ of mandamus to compel the Society, the principal defendant herein, to restore him to membership. An alternative writ having been allowed, issued and duly served, the Society filed an answer and return thereto, to which plaintiff demurred. After a hearing upon the demurrer, the court below overruled it, and entered a "final judgment . . . for the defendants and against the plaintiff on the record, and the plaintiff's application for a peremptory mandamus is now dismissed and denied." From this judgment the present appeal was taken. The judgment is right and must be affirmed.

Assuming, as the demurrer requires us to do, that all the well-pleaded facts in the answer and return are true, we find it averred therein "that membership in the [Society] is restricted to members of St. Mary's Greek Catholic Church of Nesquehoning, and to those who profess the Greek Catholic faith. The articles of incorporation state that membership in said [Society] shall cease when any member shall fail to pay his monthly dues, etc., or for any other causes set forth in the constitution and by-laws of the [Society]. Section 27, of article VI, of the by-laws of the [Society] provides that 'Members of the Society shall be ipso facto expelled from the Society for the following reasons: (a) Renouncement of the true Greek Catholic Faith. . . .'" It is then averred that the plaintiff "John Salak has renounced the true Greek Catholic Faith and has ceased to be a member of St. Mary's Greek Catholic Church of Nesquehoning." Upon this point it is pertinent to call attention to what we said in Krecker v. Shirey, 163 Pa. 534, 547: "Now it must be borne in mind that the organization of a denominational body or church involves the adoption of a religious creed and an ecclesiastical policy. To abandon or to repudiate either is to abandon or secede from the body whose authority is thus disregarded." The answer and return

further says that "the said John Salak was excommunicated from membership in St. Mary's Greek Catholic Church of Nesquehoning, Pa., and from the Greek Catholic Church by an order of the . . . Bishop of the Pittsburgh Diocese . . . of which the aforesaid church is a part, after due notice to the said John Salak, and after hearings by the ecclesiastical authorities of the said Greek Catholic Church." Pertinent to this we said in German Reformed Church v. Seibert, 3 Pa. 282, 291: "By the charter none but members of the German Reformed Church of Heidelburg, citizens of the Commonwealth, are corporators; and as a person excommunicated ceases to be a member, he loses his right as a corporator." A like conclusion is stated in St. Casimir's Polish R. C. Church's Case, 273 Pa. 494, 500. The answer and return further says that, in the other suit above referred to, it was adjudged that appellant and his codefendants therein "are no longer members of St. Mary's Greek Catholic Church of Nesquehonning, Pa.," which, under the charter and by-laws of the Society, ipso facto expels him therefrom.

It is unnecessary to further detail the facts; under those above set forth, admitted by the demurrer to be true, the court below could not properly have reached any other conclusion than the one it did.

The judgment of the court below is affirmed.