## Com. ex rel. Unangst, Appellant, *v.* Northampton County et al.

Argued April 24, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Hugh P. McFadden,* with him *Calvin F. Smith,* for appellant.

*Daniel L. McCarthy,* for appellee.

PER CURIAM, July 13, 1939:

Charles H. Unangst, a duly elected and qualified county commissioner of Northampton County,[1] filed his petition, as relator, in the court of common pleas of that county, for a writ of alternative mandamus directed to the County of Northampton, the other county commissioners and the board of county commissioners, the commissioners' clerk, the county controller and the

---

[1] He was elected county commissioner for a term of four years beginning the first Monday of January, 1936, and duly entered on the duties of his office.

county treasurer, requiring them to show cause why they should not perform the respective official functions and duties imposed on them by law, with respect to the signing, attesting, auditing and certifying and payment of a warrant for his official salary as county commissioner for the month of June, 1938.

The answer filed by the respondent commissioners set forth that their reason for refusing to sign and issue the salary warrant above mentioned was that as a result of an audit made in 1938 by a firm of independent and disinterested public accountants it was disclosed that the said Charles H. Unangst is indebted to the County of Northampton for public funds improperly paid him on claims presented while he was serving as Sheriff of Northampton County for the years 1932 to 1935 inclusive, and for fees received by him as such sheriff and wrongfully retained by him in an amount in excess of any compensation due him as county commissioner.

It thus appears that the refusal to sign, attest, audit, certify and pay the warrant for his salary was not due to any denial of his right to the salary, but because of a claim to set off against salary admittedly due him certain moneys, which, it was contended, a private audit of his accounts as sheriff showed he had wrongfully and improperly received and retained, notwithstanding the official audit of his accounts as sheriff by the county controller had not charged him therewith.

On the trial the court directed a verdict for the defendant, the County of Northampton, on which judgment was entered. The relator appealed.

Since the trial and the entry of the judgment appealed from, the Supreme Court, in an opinion by the Chief Justice, (*Unangst's Appeal,* 333 Pa. 489, 5 A. 2d 201) reversed the decree of the Court of Common Pleas of Northampton County, to September Term 1938, No. 4, striking off the annual reports of the County Controller for the years 1932 to 1935 inclusive, with special

reference to the accounts of Mr. Unangst as sheriff, and held that the correct practice, where fraud, misconduct or concealment was alleged which affected the validity and conclusiveness of the controller's audit and report, would have been to move to *open the judgments,* resulting from the failure to file exceptions to and appeal from the annual reports within the time fixed by law, and allow appeals nunc pro tunc; that such a remedy is exclusive and must be followed if the accounts of the sheriff for those years are to be legally questioned now.

It is our judgment that the clear and convincing opinion of the Chief Justice in that case rules this one and requires a reversal of this judgment.

Until the controller's reports for the years 1932, 1933, 1934 and 1935, in so far as they affect the sheriff's accounts for those years, are opened and, on appeals nunc pro tunc being allowed, are found to be incorrect, and the sheriff is surcharged with any moneys found to have been improperly paid, received or retained by him, they are conclusive and have the force and effect of judgments, and the results of a private and independent audit cannot affect them.

In his opinion the Chief Justice said, *inter alia,* (p. 494) : "Here, if appellant [Unangst] knowingly stated an improper account, withholding moneys from the county, or if improper financial transactions were obscured through fraudulent acts, the court could, as to those acts, open the judgment entered thereon if steps were taken within a reasonable time. *We question the right to proceed by the independent action of assumpsit as we stated at one time."* (Italics supplied). It follows that if an independent action in assumpsit to recover the moneys alleged to have been improperly retained by the relator as sheriff would not lie, they could not be set off against a claim for salary as county commissioner admittedly due him.

The judgment is reversed and it is ordered that judg-

ment be entered in favor of the relator, and that the court below issue a writ of mandamus to the County of Northampton and the Board of County Commissioners directing them to sign and issue a warrant or voucher for the salary of the relator, Charles H. Unangst, for the month of June, 1938, in the sum of $416.66, and to the county controller requiring him to duly approve, certify and audit the said voucher or warrant, and to the county treasurer requiring him to pay the same to Charles H. Unangst, the appellant.

Costs to be paid by the County of Northampton.