## Streibert *v.* York School District Directors, Appellant.

Argued May 21, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*McClean Stock,* with him *K. F. Ralph Rochow* and *John T. Logan,* for appellant.

*Herbert B. Cohen,* with him *Clarence M. Lawyer, Jr.,* for appellee.

OPINION BY MR. JUSTICE DREW, June 24, 1940:

The plaintiff was the Dean of Girls in the William Penn Senior High School in the City of York on the effective date of the Act of April 6, 1937, P. L. 213, known as the "Teachers' Tenure Act." Soon thereafter, the School Board gave her a contract in the statutory form, to continue in force year after year, employing her as a "professional employee" at an annual salary of $2,500. Almost a year later, in March, 1938, in the interest of an efficient and economical school administration, the School Board abolished the position of Dean of Girls, it being a non-mandated office, and at the same time elected plaintiff a teacher for the following year, she being duly certified to teach History, Chemistry, English and German. She was notified of this action

and informed that her contract was terminated and that she was required to sign a new contract as a "professional employee" at a salary of $2,200 a year. This she refused to do, claiming that her contract was in full force and effect and could not be terminated in this way. The School Board would not allow her to teach until she had complied with its direction, and although she reported for duty and has continuously been able and willing to serve, she has remained unemployed until this time. Upon petition a writ of alternative mandamus to compel her reinstatement was issued by the learned court below and, a motion to quash the writ having been dismissed, a hearing was had with a jury. A final judgment ordered that a writ of peremptory mandamus issue commanding such reinstatement, and that defendant pay plaintiff damages in the sum of $3,750, her salary during the period of her enforced idleness. Thereupon this appeal was taken.

The first question we have to decide is whether the motion to quash the writ of alternative mandamus was properly dismissed. Admittedly mandamus is the proper remedy to compel reinstatement where a professional employee under the Act of 1937 is illegally dismissed, but defendant contends that plaintiff alleged neither dismissal nor refusal of re-election as required.[1] With this we cannot agree. In her petition for the writ she set forth these facts: that she had been notified that her contract of employment would be terminated at the end of the 1937-1938 school year; that a new contract was tendered her; that she informed the School Board that she considered her original contract could not be terminated under the circumstances; that she was told that she would not be permitted to teach unless she signed a new contract; that on the opening day of school she

---

[1] The Act of June 8, 1893, P. L. 345, section 2, requires that the petition for a writ of mandamus shall set forth ". . . the act or duty whose performance he seeks, his interest in the result, . . . demand or refusal to perform the act or duty, . . ."

presented herself to the principal prepared to teach and was informed by him that she could not perform her duties as a professional employee; that from the opening of school to the time of the petition defendant had refused to allow her to carry out such duties; that defendant has refused to pay her despite repeated demands; and that no valid cause for the termination of her contract had ever been shown. We think these facts amply sustain the finding of the court below that "Her petition asserts that she was dismissed as a professional employee, that she demanded that she be restored to her position as a professional employee and was denied restoration under her contract of May 4, 1937." As we said in *Bragg v. Swarthmore School District,* 337 Pa. 363, 365: "It is fundamental that a motion to quash an alternative writ of mandamus is the equivalent of a demurrer, in that it admits all the well pleaded allegations of the writ. On such a record the sole question for decision is whether the averments, when liberally construed and taken as true, constitute a basis for granting the relief sought." The motion to quash, therefore, was properly dismissed.

Defendant's next contention is that the contract was terminated by the action of the School Board in abolishing the office of Dean of Girls. This result did not follow because in that position plaintiff was a "regular full-time employe" of the School District, "duly certified as a teacher," and as such entitled to enjoy all the safeguards accorded professional employees under the Act: see *Commonwealth ex rel. v. Sunbury School District,* 335 Pa. 6, 10. It is conceded that no cause as specifically set forth in the Act[2] existed for ending the relationship.

---

[2] Section 2 (a) provides the following valid causes for dismissal: "Immorality, incompetency, intemperance, cruelty, wilful and persistent negligence, mental derangement, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe, or substantial decrease in the number of pupils or students due to natural causes."

Her contract was not legally terminated, because even though her office was abolished, there was a position available for which she was qualified, and to which in fact the School Board assigned her, subject to her signing a new contract. The "Teachers' Tenure Act" was enacted for the very purpose of insuring continuous employment to capable and competent professional employees whenever reasonably possible: see *Commonwealth ex rel. v. Sunbury School District,* supra, 12. The cases of *Walker's Appeal,* 332 Pa. 488; *Ehret v. Kulpmont Boro. School District,* 333 Pa. 518; and *Jones v. Holes,* 334 Pa. 538, cited by defendant, are not controlling here, for the reason that in those cases it affirmatively appeared that there were no other available places which the respective employees were qualified to fill. In view of the declared purpose of the Act, this distinction is of vital significance. Here there was work to be done and plaintiff was fully competent to perform it. In this respect her situation is different from that of the employees in the cases heretofore mentioned, where the teachers in effect urged that they must be retained, although there was no work for them to do. The mere abolition of the office of Dean of Girls did not terminate plaintiff's contract under the existing circumstances. If we were to accept such a view the intent of the legislature would be effectively defeated.

At the oral argument it was urged upon us that *Walker v. School District of the City of Scranton,* 338 Pa. 104, would compel a result different from that here reached, since plaintiff was specifically appointed to the position of "Dean of Girls". That case has no application to the present controversy, because it involved suspensions made necessary as a result "of substantial decrease of pupil population within the school district." We said there that section 2 (b) of the Act expressly provides that the professional employee's appointment shall control in such circumstances. No such provision,

however, exists with respect to terminating the contract by dismissal.

Defendant finally asserts that if plaintiff's contract was not terminated, the result of the action of the School Board was to demote her in salary. The answer to this is that while her salary is subject to reduction for proper reasons, such action can only be taken in compliance with the provisions of the Act. In conclusion, this should be said for plaintiff, she was not arbitrary or unreasonable in refusing to sign a new contract. She should not have been asked to do so. If she had given way to the insistence of the School Board, all her rights under the old contract would have been swept away, not the least valuable of which is the guaranty of her seniority rights under section 2 (b) in the event of a suspension because of substantial decrease of pupil population within the School District. After years of service she would have been thus reduced to a footing with new professional employees who had just signed contracts. In view of this and present economic conditions, it was natural and proper for her to object to any illegal action which would make the possibility of suspension more imminent.

Judgment affirmed.