Crist, Appellant, *v.* Rayne Township School District.

Argued April 15, 1941.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*James W. Mack, Jr.,* for appellant.

*Joseph W. Serene,* with him *Peelor & Feit,* for appellee.

OPINION BY KELLER, P. J., July 18, 1941:

The plaintiff became a professional employee of the defendant, a school district of the fourth class, under a contract dated August 30, 1937, drawn in accordance with the provisions of the Teachers' Tenure Act of April 6, 1937, P. L. 213, and calling for a salary of $800 a year. Under this contract she was assigned to and taught at the Ray School, a one-room school, during the school year 1937-38.

Shortly before the opening of the next school term, she received a notice from the secretary of the school board dated August 31, 1938 stating that "The Rayne Township Schools will open on Tuesday, September 6, 1938." She entered on her duties as teacher of the Ray

School on September 6, and taught four days, including Friday, September 9, when the secretary of the board called and gave her a formal written notice to the effect that the board had ordered that the Ray School be closed, and that her services would not be needed any longer as a teacher. This had been decided upon by formal action of the board on September 8, 1938.[1] Nevertheless she opened school the following Monday and taught, and would have continued doing so but for the fact that the door was locked by the board and she could not open it. Eleven pupils were in attendance when the school was closed. It has not been opened since.

On September 10 her counsel wrote the secretary of the board calling his attention to the fact that the notice of dismissal was not signed by the president of the board, "did not specify any of the charges provided for dismissal in the Act of 1931, May 29, P. L. 343 [243] section 26, as amended by Act of 1937, April 6, P. L. 213, section 2. Further it did not set a time nor place for hearing. This being the case you will kindly see that [her] compensation is paid until a proper notice and legal hearing on the matter are heard."

On November 7, 1938 she began this action in assumpsit for two months' salary. At the trial the plaintiff introduced in evidence certain paragraphs of her statement, which were admitted in the affidavit of defense, and testified, herself, as to the other facts above recited. At the conclusion of her case the defendant moved for judgment of non-suit, which was granted by the court. From the court's order refusing to take off the non-suit so entered this appeal was taken. We think the court's action was proper.

---

[1] "Motion by J. I. Buchanan, seconded by C. F. Glasser, that we close the Ray School Friday, September 9, 1938 for lack of attendance. Those voting 'yes,' H. M. McGara, D. R. Donahey, C. F. Glasser and J. I. Buchanan."

The Teachers' Tenure Act of 1937 is an amendment of the School Code of 1911, P. L. 309. In so far as it is not affected by the amendment, the Code remains in force.

Section 1406 of the Code, as amended by Act of July 1, 1937, P. L. 2583, sec. 2, provides, inter alia, as follows:

"The board of school directors of any school district in this Commonwealth may, on account of the small number of pupils in attendance, ...... close any one or more of the public schools in its district, and, upon such school or schools being so closed, the pupils who belong to the same shall be assigned to other schools or, upon cause shown, be permitted to attend schools in other districts. Whenever the average term attendance of pupils regularly enrolled at any one-room school in any school district of the fourth class ...... is ten, or less than ten, the board of school directors shall close such school." This provision *requires* the board of any school district of the fourth class to close a one-room school whenever the average attendance of pupils regularly enrolled is ten or less; and if the number of pupils is over ten, it *authorizes* them to do so, whenever by reason of the small number of pupils in attendance they deem it necessary, or advisable in the public interest, that the school be closed. And their discretion, in this respect, in the absence of fraud, or arbitrary abuse of such discretion, is not reviewable: *Langan v. Pittston School Dist.*, 335 Pa. 395, 397-8, 6 A. 2d 772. Once formal action is taken by the board to close the school because of the small attendance of pupils, section 1406 of the School Code applies and the closing of the school follows by operation of law.

The Teachers' Tenure Act, supra, in section 2, amending section 1205 of the School Code of 1911, provides in paragraph (a), "The only valid causes for termination of a contract in accordance with the provisions of this

section shall be—Immorality, incompetency, intemperance, cruelty, wilful and persistent negligence, mental derangement, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe, or substantial decrease in the number of pupils or students due to natural causes . . . . . ."

It thus appears that a substantial decrease in the number of pupils, due to natural causes, sufficient to justify the closing of a one-room school, is a valid cause for terminating a contract between a school board and its professional employee who taught in the closed school. Until the term starts and the number of enrolled pupils in attendance is determined, it is practically impossible to decide whether the school shall remain open or be closed, in the interest of the public.

Subsequent paragraphs of the amended section make provision for hearings, and the procedure to be followed, in case the dismissal of the professional employee is based on *charges* against him or her, said *charges* being necessarily limited to those specified in paragraph (a) before recited, viz., immorality, incompetency, intemperance, cruelty, wilful and persistent negligence, mental derangement, or persisent and wilful violation of the school laws of the Commonwealth, all of which causes for dismissal attack the conduct, fitness, competency, etc., of the teacher, and consequently, as a matter of fairness and justice require the preferment of charges and a hearing at which the charges can be sifted, witnesses examined and cross-examined and a finding arrived at which is just and fair to both teacher and public. But no charges or hearing are necessary or required where the termination of the contract is based on the closing of the school because of the small attendance of pupils, which does not attack the character or fitness of the employee, but is a matter within the sound discretion of the board, in the public interest,

and not subject to review except in case of fraud, which is not here charged or even suggested. There is no requirement in *paragraph (a)* that a hearing shall be had in all cases of termination of contract. The subsequent paragraphs providing for a hearing and the procedure to be followed with respect thereto, viz., (c), (d), (e), (f), (g), (h), (i) and (j) relate and are limited to a dismissal based on *charges* against the employee, and must fall therefore within the first seven causes for terminating contracts, as set forth in paragraph (a) above; and they have no reference or application to the termination of a contract because of "substantial decrease in the number of pupils due to natural causes", which is not based on any charges against the employee, but is by operation of law, once the discretion of the board is exercised by formal action.

As the plaintiff's claim for salary is based entirely on the failure of the board to prefer charges against her, as specified in section 1205(d), and proceed to a hearing as provided in said paragraph and subsequent paragraphs of the section, which is not applicable to a termination of contract caused by closing the school, it follows that she cannot recover.

This ruling, in our opinion, is in accord with the spirit of the decisions of the Supreme Court in *Walker's App.*, 332 Pa. 488, 493, 494, 496, 2 A. 2d 770; *Ehret v. Kulpmont Boro Sch. Dist.*, 333 Pa. 518, 526, 527, 5 A. 2d 188; *Langan v. Pittston Sch. Dist.*, supra, pp. 397-398; *Jones v. Holes*, 334 Pa. 538, 544, 6 A. 2d 102; *Smith v. Phila. School Dist.*, 334 Pa. 197, 205-6, 5 A. 2d 535; *Streibert v. York Sch. Directors*, 339 Pa. 119, 14 A. 2d 303. See also, *Davis v. Gray*, 84 P. 2d 534, 537 (Calif.).

The case of *Bragg v. Swarthmore Sch. Dist.*, 337 Pa. 363, 11 A. 2d 152, relied on by the appellant does not apply to this case, for it arose under the later Act of June 20, 1939, P. L. 482, which took away from school

444

boards the right to *terminate* a contract with a professional employee because of a substantial decrease in the number of pupils due to natural causes (*Jones v. Holes, supra,* p. 544), and limited their action in such cases to *suspension* of the employee.

Order affirmed.