## Commonwealth ex rel. Wesenberg *v.* Bethlehem School District et al., Appellants.

Argued December 12, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, RHODES, HIRT and KENWORTHEY, JJ.

*Herbert J. Hartzog,* for appellants.

*H. P. McFadden,* for appellee.

OPINION BY RHODES, J., March 4, 1942:

On August 16, 1940, E. E. Wesenberg presented to the Court of Common Pleas of Northampton County a petition for writ of alternative mandamus directed to the Board of School Directors of the School District of the City of Bethlehem and the officers of the board to compel the payment of two semi-monthly installments of salary and fractions of an annual increment for the month of July, 1940. An alternative writ was issued commanding the defendants to show cause. The motion to quash the writ was dismissed, and defendants thereupon filed a return to which relator[1] demurred. The demurrer was sustained and judgment entered for relator. Defendants have appealed.

By demurring to the return relator admitted every averment that was well pleaded (*Ackerman et al. v. Buchman et al.,* 109 Pa. 254; *Salak v. St. Mary's Greek Catholic Church Society et al.,* 317 Pa. 39, 41, 176 A. 453), and the case assumed the form of an ordinary action at law (Act of June 8, 1893, P. L. 345, §15, 12 PS §1918).

---

[1] The petition is in the name of the Commonwealth, and this is not questioned on appeal. As this form was followed throughout the proceeding, we shall refer to the petitioner in this opinion as the relator. See Act of June 8, 1893, P. L. 345, §4, 12 PS §1914; *Com. ex rel. Carson, Attorney General, v. Mathues,* 210 Pa. 372, 59 A. 961.

Prior to 1939, relator had been a teacher in the Bethlehem public schools. On June 21, 1939, he was assigned by the school board, for the school year 1939-1940, to the principalship of Liberty High School. His salary was increased to $3,000, the statutory minimum for secondary school principals in districts of the second class.[2] On June 23, 1939, the school district and relator entered into a new professional employee's contract as prescribed by the School Code,[3] and relator entered upon the duties assigned to him for the school year 1939-1940. By a resolution of the school board, dated July 26, 1940, relator was assigned to the principalship of Franklin Junior High School for the school year 1940-1941. His salary was fixed at $3,125, retroactive to July 1, 1940, thereby giving effect to the statutory increment[4] to which he would have been entitled whether principal of Liberty or of Franklin. The school board tendered to relator a new contract, in statutory form, but he refused to sign it. Since July 27, 1940, he has refused to comply with the assignment made by the board for the school year 1940-1941, and he has never assumed the duties of principal of Franklin. In conformity with the law and the rules of the school board, relator's salary for the first half of the month of July, 1940, was payable on July 17, 1940, and his salary for the second half of that month would have been payable on August 2, 1940. The meeting of the school board for the month of July was not held until July 26, 1940, and no action on annual increments for employees was taken by the board until that date. On or about July 17, 1940, relator was paid $125 as salary for the first half of that month, representing 1/24 of $3,000. Because of relator's refusal to perform the duties of principal

---

[2] Act of May 18, 1911, P. L. 309, §1210, cl. 5, as last amended by the Act of May 23, 1923, P. L. 328, §1, 24 PS §1168.

[3] Act of May 18, 1911, P. L. 309, §1205, as last amended by the Act of June 20, 1939, P. L. 482, §2, 24 PS §1126.

[4] See footnote 2 supra.

of Franklin, the board declined to pay his salary for the second half of that month.

Defendants admit that on July 17, 1940, the officers of the school board named in the petition did not issue and sign a warrant and check in the amount of $130.20, which would represent relator's salary plus the increment for the first half of that month. Defendants aver, however, that the officers had no authority to issue and sign the same at that time. Since relator has received the sum of $125 as salary for the first half of the month, his claim for that period can be no more than $5.20, which is 1/24 of the annual increment of $125. His claim for the second half of that month is $130.20.

The petition for writ of mandamus avers, inter alia, that on June 21, 1939, relator was "elected" "as principal of Liberty High School," and that since July, 1939, he "has continuously ...... been and is at present the duly qualified and acting principal of Liberty High School." In defendants' return to the writ, it is averred that on July 26, 1940, relator was assigned to the principalship of Franklin for the school year 1940-1941, and that the assignment was immediately effective, and it is denied therein that since July 27, 1941, relator has been, or has acted as, principal of Liberty.

Relator's demurrer set forth that the "denial is insufficient in law to controvert the averments of the relator that he was elected as principal of Liberty High School, or to serve as a basis for defendants showing cause why they are not amenable to a writ of peremptory mandamus commanding them to perform the acts prayed for, in that the [School Code, 24 PS §1126 et seq.] protects the relator in his enjoyment of the status and emoluments of the position to which he was elected as he has averred"; and relator in his demurrer went on to say that he "was under no compulsion to accept and perform the duties 'assigned' to him by the school board on July 26, 1940, he being the holder of

a position as principal of Liberty High School from which he could only be demoted in accordance with the provisions of the Act of Legislature set forth at 24 PS sec. 1126 et seq." The court below in sustaining the demurrer stated that it was not deciding whether relator's new assignment was a demotion, but that it was confining itself to holding that his contract of June 23, 1939 (admitted in defendants' return), was a valid, subsisting contract, and that relator was entitled to payment of his salary and increments as set forth in his petition.

As we view it, relator was not entitled to judgment in any form. From our examination of this record it seems to us that the real effect of the judgment of the court below, notwithstanding what it said, was to adjudicate relator's status on a claim for salary which he may or may not be entitled to receive. The judgment entered is apparently for the salary and increments as claimed for the entire month of July, 1940, but it does not order that a writ of peremptory mandamus issue. It is to be observed that relator's claim for salary is in the capacity of principal of Liberty. Defendants in their return to the writ have alleged that he was assigned to the principalship of Franklin on July 26, 1940, but refused to serve, and that he has performed no services for the school district since July 27, 1940. In his demurrer relator contends that he was not obliged to accept the assignment to Franklin, and, in effect, that such action by the board constituted a demotion. There is no averment in his petition that he had been demoted, and in this respect at least his demurrer is a speaking demurrer. *Davis v. Patterson et al.*, 12 Pa. Superior Ct. 479; *Bovaird et al. v. Barrett & Son*, 78 Pa. Superior Ct. 68, 71.

It is among the admitted facts that relator's contract of June 23, 1939, was in the statutory form prescribed by the School Code of 1911, §1205, as amended by the Act of June 20, 1939, P. L. 482, §2, 24 PS §1126. But

there is no reference, and there could be none, in the contract to the position of principal of Liberty. It refers to him simply as a professional employee. See section 1201 of the School Code of 1911, P. L. 309, as last amended by section 1 of the Act of June 20, 1939, P. L. 482, 24 PS §1121. In order to protect teachers in their tenure of position, sections 2 and 6 of the Tenure Act of April 6, 1937, P. L. 213, 24 PS §§1126, 1128a, provide that contracts shall be of permanent duration, unless terminated in accordance with the provisions of the act. *Smith v. Philadelphia School District et al.*, 334 Pa. 197, 205, 5 A. 2d 535. The School Code, however, reserved to the board the power to assign relator to duties for which he was properly qualified under his teacher's certificate. *Ganaposki's Case*, 332 Pa. 550, 553, 555, 2 A. 2d 742; *Womer's Case*, 135 Pa. Superior Ct. 433, 437, 5 A. 2d 638, affirmed 337 Pa. 349, 352, 11 A. 2d 146; *Ehret v. Kulpmont Borough School District*, 333 Pa. 518, 523, 5 A. 2d 188. Relator had nothing in the nature of a vested right in the position of principal of Liberty. He was not immune from assignment to other duties by the board. A refusal to accept an assignment which a board has the power to make may be classed as "persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe," and a direct violation of his contract, and also amounts to "persistent negligence"; and for such conduct a teacher may be dismissed and his contract terminated. *Ganaposki's Case,* supra, p. 555; Act of May 18, 1911, P. L. 309, §1205, as amended by the Act of June 20, 1939, P. L. 482, §2, 24 PS §1126. Of course, this right possessed by the board cannot be exercised in violation of section 3 of the Tenure Act of April 6, 1937, P. L. 213, 24 PS §1161, which provides, inter alia: "...... there shall be no demotion of any professional employe, either in salary or in type of position, without the consent of the said employe, or if such consent is not received, then such

demotion shall be subject to the right to a hearing before the Board of School Directors (or Board of Public Education), and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe." See, also, Act of June 20, 1939, P. L. 482, §2 (j), 24 PS §1126(j).

By the pleadings it is also admitted that relator did not assume the duties of principal of Franklin to which he was assigned by the board at its meeting on July 26, 1940. To determine that he is entitled to his entire salary for the second half of the month of July it would be necessary to conclude in this mandamus proceeding that the new assignment was a demotion. Essential to his right to salary for that period was the performance of his duties under his contract, or a showing of an unlawful demotion in type of position. It is true that his contract could be terminated only in conformity with the School Code, but if the position to which relator was assigned by the board was not a demotion in type of position, his wilful refusal to perform his duties after July 27, 1940, may have relieved the school district from liability for his salary for the second half of the month of July. *Hetkowski v. Dickson City Borough School District,* 141 Pa. Superior Ct. 526, 15 A. 2d 470; Restatement of the Law, Contracts, §§274, 275 (e).

The power of the board to assign teachers is not ministerial, but, within the limitations of the Code, discretionary. "Where a ministerial act is to be done, and there is no other specific remedy, a *mandamus* will be granted to do the act which is required. But where the complaint is against a person who acts in a judicial or deliberative capacity, he may be ordered by *mandamus* to proceed to do his duty, by deciding and acting according to the best of his judgment, but the court will not direct him in what manner to decide": *Com. v. Cochran,* 5 Binney 87, at page 103.

If, as relator has alleged in his petition, he remained principal of Liberty and as such was entitled to his

salary for the second half of July, 1940, it can be only on the theory that the order of the board in assigning him to Franklin was improper and constituted a demotion in type of position in violation of the provisions of the School Code.

Whether the assignment to the principalship of Franklin constituted a demotion in type of position from the principalship of Liberty, or whether the assignment was within the discretionary power of the board, questions which relate to relator's right to salary for the second half of the month of July, are undetermined. "Mandamus is not a remedy of absolute right, it is an extraordinary writ, discretionary with the court, and can only be obtained when there is a clear legal right in the relator and a positive duty of the defendant to be performed, and where there is no other adequate, specific or appropriate remedy; mandamus can never be invoked in a doubtful case": *Chilli v. McKeesport School District et al.,* 334 Pa. 581, at page 583, 6 A. 2d 99; *Angelotti v. Rankin Borough et al.,* 341 Pa. 320, at page 323, 19 A. 2d 398, at page 399. See, also, *Homan v. Mackey et al.,* 295 Pa. 82, 85, 86, 144 A. 897; *Hotel Casey Co. v. Ross et al.,* 343 Pa. 573, 582-585, 23 A. 2d 737. We think that the legal right of relator to all of his salary for the second half of the month of July is far from clear; and there may have been such a breach of contract by relator that he would be entitled to none.

*Streibert v. York School District Directors,* 339 Pa. 119, 14 A. 2d 303, *Doverspike v. Magee,* 51 Pa. Superior Ct. 525, and *Com. ex rel. Unangst v. Northampton County et al.,* 136 Pa. Superior Ct. 366, 7 A. 2d 553, cited by relator in connection with his argument that mandamus is an appropriate remedy, are not controlling. In the Streibert case there was a petition for a writ of alternative mandamus to compel plaintiff's reinstatement. Plaintiff had been dean of girls in a high school, which position was abolished by the school

board. Plaintiff was retained as a teacher, at a reduced salary, and asked to sign a new contract. This she refused to do, and the board would not allow her to teach until she had complied with its directions. To defendant's assertion that if plaintiff's contract was not terminated the result of the action of the school board was to demote her in salary, our Supreme Court said (339 Pa. 119, at page 124, 14 A. 2d 303, at page 306) : "The answer to this is that while her salary is subject to reduction for proper reasons, such action can only be taken in compliance with the provisions of the Act." In that case it was admitted that plaintiff was demoted in salary, but in the present case whether relator was demoted in type of position is in controversy. In the Doverspike case we held that when the city council concluded that plaintiff should be paid his salary, and passed a resolution appropriating the necessary money, this was final, and that the mayor and controller could not refuse to issue and countersign the necessary warrant. In the Unangst case the refusal to sign, attest, audit, certify, and pay the warrant for relator's salary was not due to any denial of his right to the salary but because of an alleged set-off. On appeal we held that a writ of mandamus should issue to the county officials directing them to sign and issue a warrant or voucher for the salary of relator, as relator's right to his salary had been determined in *Unangst's Appeal*, 333 Pa. 489, 5 A. 2d 201.

Under the pleadings in this proceeding we cannot sustain relator's contention that $5.20, representing the fraction of the annual increment for the first half of July, was wrongfully refused him. Relator averred in his petition that the superintendent of schools, on July 17, 1940, had certified the payroll for relator's salary in the amount of $130.20, but that the president of the board, the secretary, and the treasurer refused to perform their official duties by signing the warrant and check for the payment thereof. On July 17, 1940,

the officers had no authority to issue or sign the warrant and check which would include the increment. The regular board meeting for July had not been held, and no official action until then was taken authorizing such payment. Therefore the officers of the board, on receipt of the payroll from the superintendent, could not have acted otherwise than they did. They did not refuse or neglect to perform any ministerial act on July 17, 1940, for which mandamus would lie. See sections 312, 315, 324, art. 3, of the Act of May 18, 1911, P. L. 309, as amended, 24 PS §§252, 272, 301. Approval by the board for the payment of the increment to relator was necessary. In clause 9, §1210, art. 12, of the School Code of 1911, as amended, 24 PS §1172, it is provided: "Teachers shall be entitled to the increments provided for in said schedules who have complied with such requirements as may be prescribed by the State Board of Education,[5] except where additional qualifications are required by the local board of public education or board of school directors." For the disbursement of school funds for such purpose by the treasurer the order must be approved by the board, signed by the president, and attested by the secretary. Section 324, art. 3, of the School Code of 1911, as amended, 24 PS §301. It was not for the officers of the school board to determine whether the prescribed requirements had been met by the relator. Upon submission of the payroll by the superintendent of schools, the rules of the board required approval by the secretary. He refused to approve the payroll containing relator's salary for the first half of July in the amount of $130.20, and required its correction to agree with the salary then payable. It was averred in the petition that the secretary failed and refused to prepare a warrant and order for relator's salary in accordance with the certification of the superintendent. The secretary's duty to sign prop-

---

[5] Now styled "State Council of Education."

erly authorized orders was ministerial, but there can be no complaint because he refused to act in violation of the statute, and he cannot be compelled to join in doing that which is unlawful. See *Com. ex rel. v. Jones*, 283 Pa. 582, 587, 129 A. 635.

We find nothing in the record to justify or support the judgment of the court below. See *Miller v. Canal Commissioners*, 21 Pa. 23, 26.

Judgment is reversed, and is here entered for defendants; the writ of alternative mandamus is dismissed; costs are to be paid by relator.