## Carlisle v. School District

*Bloom, Bloom & Yard,* for plaintiff.

*Zeman & Zeman* and *Samuel L. Rogers,* for defendant.

GIBSON, P. J., January 2, 1950.—Plaintiff brings her mandamus action against Mt. Pleasant Township School District, a district of the fourth class, and by

her amended complaint alleges that she was employed under an oral contract as a professional employe by defendant school district for the school years 1935-1936 and 1936-1937, inclusive, and this employment was continued under a written contract dated May 18, 1937, wherein she was employed for a term of eight months at an annual compensation of $880, this contract being entered into under the then effective provisions of the Pennsylvania School Code.

She alleges that she had been paid continuously for her services in accordance with the School Code, except that she had been required to "report for work at 8:05 a. m. and to work until 4 p. m. with an intermission of 40 minutes for lunch," which requirement had continued in force from the first day of the school year of 1935, to and including the end of the school year of 1948. Thereby, she was required to do additional work daily not required by the School Code or the contract, and that she was entitled to additional pay for 2,925 hours, or an additional one hour and fifteen minutes for each day.

Plaintiff further alleges that once each school year she requested an increase in compensation for this additional work and that the school directors have refused and continued to refuse to grant a fair increase in compensation for the additional work, except that during the school year 1947-1948 the board of school directors did grant plaintiff the sum of $125 for additional work. She denies that this was fair compensation therefor, and prays for judgment for such additional compensation over her period of employment, with interest thereon, and an order directing the school district "to fix a fair increase in compensation for the additional work performed by the plaintiff herein," covering the entire period of her employment.

This claim is based on two provisions of the School Code, namely: (a) Section 1605 of the Act of May 18, 1911, P. L. 309, which provides:

"The board of school directors of each school district shall fix the date of the beginning of the school term, and, unless otherwise determined by the board, the daily session of school shall open at nine ante meridian and close at four post meridian, with an intermission of one hour at noon, and an intermission of fifteen minutes in the forenoon and in the afternoon."

(b) Section 1210 of the Act of May 18, 1911, P. L. 309, as amended, which provides:

"Teachers who are required, because of additional work, to devote more than the usual number of periods per day to their duties, shall be entitled to a fair increase in compensation to be determined by the board of public education or the board of school directors. Teachers who may be employed in giving instruction for only part of the day shall render such other service for such period of time per day as the board of public education or the board of school directors may direct, but if such service cannot be assigned to such teacher by the board of public education or the board of school directors, the salary paid to such teacher shall be proportioned to the number of hours of service rendered."

This section was reënacted in section 1, subpar. 9, by the Act of May 29, 1945, P. L. 1112, and the quoted section of the Act of 1911 appears to be repealed.

The complaint fails to be specific. We are not informed whether or not the board of school directors fixed the beginning of the school term and the hours when school was in session, but the complaint alleges the school district "did require the plaintiff . . . to report for work at 8:05 a. m. and work until 4 p. m. with an intermission of 40 minutes for lunch." The provision of the act is that *"unless otherwise deter-*

*mined by the board,*" the daily session of school shall be as designated by the act.

It appears to us that "the daily session of school" refers to the time when the school is in session or is performing its functions of instruction in education. The hours fixed by the act apply only when the board of school directors has not otherwise determined. Complainant does not make clear during what hours the school was in session. The legislature certainly did not intend, in the absence of any regulation of the board, that the teacher could walk in at 9 a. m., and immediately begin instruction, or that from noon until 1 p. m. there should be no one in a supervisory capacity, or that during the 15-minute intermission periods no one should be present in a supervisory capacity. If it was clearly alleged that periods of instruction began at 8:05 a. m. and continued until 4 p. m., there might be some merit in plaintiff's claim. This material fact is not set forth in the amended complaint.

As to the second clause of the School Code above referred to and reënacted, we have serious doubt if it can be applied to a required mere supervisory presence of the teacher.

The act speaks of additional work, *more than the usual number of periods* per day. The fact that teachers are employed in giving instructions for only part of the day, and a limited compensation for such of those periods, indicates to us that the additional work relates to periods of instruction while the school is in session and not to other times.

There are other sections of the School Code which must not be lost sight of in applying the two sections above referred to. The board of school directors is required to adopt a budget and to live within it, except in cases of emergency, and to levy taxes in accordance with the budget. To undertake to go back and readjust the budgets and financial conditions of

this school district, as they relate to this teacher and possibly others, for a period of 14 years, is unthinkable: Keegan v. School Directors, 23 Wash. Co. 170.

Mandamus is not a remedy of absolute right. It is an extraordinary writ, discretionary with the court, and can only be obtained where there is a clear, legal right in relator, and a positive duty of defendant to be performed, and where there is no other adequate, specific or appropriate remedy. Mandamus can never be invoked in a doubtful case: Commonwealth ex rel. v. Bethlehem School District et al., 148 Pa. Superior Ct. 250, and the cases cited there. The Pennsylvania Rules of Civil Procedure do not change or enlarge the remedy by mandamus. They merely alter the procedure.

In reading the amended complaint, we have the right to assume that plaintiff stated her cause of action as strongly as the facts would permit. As we have previously suggested, there is no allegation that any unusual periods of instruction occurred; that the board of school directors failed to determine the daily sessions of school; or that there were any additional work periods during which this teacher was required to devote her time to instructions.

From a reading of the amended complaint relator has failed to state a case showing a clear, legal right. The duty of the board of school directors is discretionary and it does not appear there is any positive duty which they failed to perform. It is not for the court to substitute its discretion as to what, if any, additional compensation should be fixed. In any event, in a doubtful case, we are not going to undertake the readjustment of the finances of this school district or the management of its schools.

It is unnecessary to discuss the other questions raised in the exceptions.

And now, January 2, 1950, those exceptions of defendant in the nature of a demurrer to the amended statement of complaint are sustained, plaintiff's complaint is dismissed, and judgment is entered for defendant.