## Pearson v. Watkins

*Frank McGuigan*, for plaintiff.
*Nelson A. Bryan*, for defendants.

APONICK, P. J., August 16, 1957.—This is an action of mandamus brought against the School Directors of the School District of Hanover Township by a professional employe of the district. To the complaint, defendants have filed preliminary objections in the nature of a demurrer, claiming that plaintiff has failed to state a cause of action.

The facts set forth in the complaint are as follows: Plaintiff was appointed a teacher in the school district in January, 1928. Upon the enactment of the Teachers' Tenure Act, a written contract was entered into in conformity therewith and a valid and binding contract is still in force. On August 20, 1945, plaintiff was named as principal of the Benjamin Franklin High School and served as such until September 11, 1950, when he was designated assistant supervising principal. He acted in that capacity until the beginning of the school term on September 5, 1956. During the summer of that year, the board of school directors adopted a resolution abolishing the position of assistant supervising principal and directing plaintiff's assignment to such duties as a professional employe for which he is properly certified. Thereafter, he was notified that he was to teach in the sixth, seventh and eighth grades at the Lynwood School.

Plaintiff further alleges that this assignment constituted a demotion both in salary and type of position without his consent in violation of the provisions of the Public School Code of March 10, 1949, P. L. 30, art. XI, sec. 1151, 24 PS §11-1151. He then prays that the court order defendants to assign him as a principal in one of the schools of the district and to permit him to carry out the duties thereof and pay to plaintiff the moneys due and to become due under the salary schedule to which such a principal is, by law, entitled.

We are all of the opinion that plaintiff is not entitled to the relief sought. The assignment of teachers is not ministerial, but discretionary, within the limitations of the code, and mandamus is not the proper remedy: Commonwealth ex rel. Wesenberg v. Bethlehem School District, 148 Pa. Superior Ct. 250, 257.

Accordingly, the preliminary objections of defendants are sustained.