## Langan *v.* Pittston School District et al., Appellants.

Argued May 8, 1939. Before KEPHART, C. J., SCHAF-FER, DREW, LINN, STERN and BARNES, JJ.

*Leo W. White,* with him *Frank M. Flanagan,* for appellants.

*Richard B. Sheridan,* with him *J. Justin Blewitt* and *E. F. McGovern,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 19, 1939:

Appellee, a duly certified teacher, instituted mandamus proceedings to compel the school directors of the City of Pittston to restore her teaching contract under the Teachers' Tenure Act of April 6, 1937, P. L. 213. On November 10, 1937, the school board, on the recommendation of Dr. Cray, district superintendent, that additional teachers were necessary, elected appellee to

teach in its high school, effective immediately. Three of the seven directors dissented. The contract was properly executed for a term of ten months, though two school months had passed. She entered upon the performance of her duties. Two members of the board who voted for her election were candidates for reëlection in November; they were defeated, and their terms expired December 6, 1937. Without notice to appellee, the new board met December 13, 1937, and by resolution declared her contract void, two members dissenting. The court below awarded the writ.

Appellants contend that appellee is not within the Tenure Act because her contract is void. It must be conceded that if appellee had a valid contract to teach, the Tenure Act applies, and if that relationship is to be terminated, it must be done according to the provision for notice, and for the reasons specified in the Act, or by operation of law. See *Walker's Appeal,* 332 Pa. 488. If there are valid considerations which would cause appellee's contract to be void, no notice of dismissal was necessary, and the Tenure Act could not possibly protect her in her position as teacher, as no rights can be conferred by a void instrument.

Appellants argue that because the present board found that another teacher was not necessary when appellee was appointed, the action of the former board was illegal and void in employing appellee. The new board thus attacks the action of the old board in a matter then expressly confided to the latter's discretion under the School Code. If all that were required to avoid a teacher's contract, were a mere statement by the new board that the teacher was not necessary at the time of her appointment, the safeguards of the Tenure Act would be valueless. The presumption is that the old board acted properly and found another teacher necessary to the performance of the school district's work. Its action will not be reviewed by this Court unless it

can be shown that there was fraud, an arbitrary abuse of discretion, or circumstances that would ordinarily invalidate a contract. See *Campbell et al. v. Bellevue Boro. School Dist.*, 328 Pa. 197, 202; *Hibbs et al. v. Arensberg et al.*, 276 Pa. 24, 26; *Lamb v. Redding*, 234 Pa. 481, 484; *Hysong v. Gallitzin Boro. School Dist.*, 164 Pa. 629, 656. There is nothing in this record to show that the old board abused its discretion, or that any circumstance appeared that would cause the contract to be invalid, and the burden of so showing was on the new board. It may be true that if a board, going out of office, should overload the school district with unnecessary teachers for political or personal reasons, such action would be an abuse of discretion without justification, and the contracts so made would be void. But such action has not been shown; on the contrary, the superintendent recommended to the old board the necessity of additional teachers and the classes were still large after the new appointees began the performance of their duties.

It is, however, argued that appellee is *at the present time* unnecessary as a teacher and therefore the school board has the power to terminate her contract. This approach is not one which involves the invalidation of contract, but which deals with its termination. Since it is not a termination by operation of law (see *Walker's Appeal*, 332 Pa. 488), notice must be given according to the terms of the contract.[1] Even assuming that notice was properly given, appellants have not shown proper cause for termination within the law. We have held under the Tenure Act that where a teacher is rendered unnecessary because of the abolition of a department, her contract may be terminated by the board. *Ehret v. Kulpmont Boro. School District*, 333 Pa. 518. And, in *Jones v. Holes et al.*, 334 Pa. 538, we held that where

---

[1] See Section 1205 of the School Code.

a course in a public school becomes so popular that it results in a decrease in the number of students in other courses, thereby causing the teachers in these courses to be unnecessary "due to a natural decrease in the number of students", their contracts may be terminated under Section 2 (a) of the Tenure Act.

But appellants' contention goes far beyond any case we have had before us, and would destroy the purpose of the Tenure Act. The result of appellants' position would be that whenever a board deems a teacher unnecessary for any reason whatever, the contract may be terminated. This, of course, was not the intention of the Act; it is directly opposed to it. The purpose of the Tenure Act, reiterated often in our opinions, was "the maintenance of an adequate and competent teaching staff, *free from political and personal arbitrary interference,* whereby capable and competent teachers might feel secure, and more efficiently perform their duty of instruction." [2] Appellee was fully qualified and the new board does not attack her competency, ability, morality, or character as a teacher.

Appellants complain, finally, that the court should not have considered the question of damages since none were claimed in the pleadings, and thus no notice was given to appellants. The same question as to lack of notice in an award of damages in mandamus proceedings was raised in two earlier cases, *Washington Beneficial Society v. Bacher,* 20 Pa. 425; *Marion Beneficial Society v. Commonwealth ex rel. Drake,* 31 Pa. 82. These were mandamus proceedings under the Act of June 14, 1836, P. L. 621. The provisions of that Act are much the same as those of the Act of June 8, 1893, P. L. 345, now under consideration. In those cases there was no notice in the pleadings of the claim for damages. Damages were allowed to the day of trial by direction of the

[2] See *Walker's Appeal,* 332 Pa. 488, at 491.

court. This result is proper because of the peculiar nature of mandamus proceedings and the fact that until the writ issued damages would not be ascertained. In this respect the present case is distinguishable from *Summers v. Prudential Ins. Co. of America,* 319 Pa. 270, which was an action of assumpsit to recover default in payments on an accident insurance policy. Here, there was no fact to be found by the jury; there was no contest as to the amount due. It appeared that a definite sum was fixed for appellee's salary and that was all the damages she recovered. Sections 16 and 21 of the Act of 1893, fully cover the question.[3]

We have considered all the assignments of error, most of which present points unnecessary to the determination of this case. It need only be added that appellee's action by alternative mandamus was proper to enforce the statutory duty imposed upon the school board, which, in the absence of proper grounds for noncompliance, was mandatory. *Teachers' Tenure Act Cases,* 329 Pa. 213, 222; see also *Jones v. Holes,* supra.

Judgment affirmed at appellants' cost.

---

[3] Section 16 of the Act of June 8, 1893, P. L. 345, provides: "If a verdict is found for the plaintiff and judgment is entered thereon, or if a judgment is given for him upon a demurrer or by *nihil dicit* or for want of an answer by *non sum informatus* or other pleading, he shall recover his damages and costs," and section 21 provides "Damages sustained by the plaintiff shall be ascertained by the jury trying any issue in fact; *if no such issue is tried, they shall be ascertained by the court in such manner as may be deemed just and reasonable.*"