Cain, Admrx., Appellant, *v.* Stucker et al.

Argued March 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Louis Wagner,* with him *Stephen J. McEwen* and *Albert J. Crawford, Jr.,* for appellant.

*Robert W. Beatty,* with him *Robert B. Greer* and *Butler, Beatty, Greer & Johnson,* for appellees.

OPINION BY HIRT, J., July 19, 1946:

In 1911, Oborn Cain was appointed to the police force of Upper Darby Township with duties of a patrolman at a fixed salary of $114 per month. He was paid at this rate by the township until July 21, 1944, when further payments were refused because of notice to the township commissioners of a decision of the Civil Service Commission "that he be honorably discharged from the Police Department of the Township" as of that date.

Cain thereupon petitioned for mandamus to compel the township commissioners to restore him to the status of a regular member of the police force without interruption of pay. The writ issued in alternative form. After defendants' motion to quash was refused they answered the writ by filing a joint return. The case came before the lower court on Cain's demurrer to the return. Cain died in the meantime and his administratrix was substituted as plaintiff in the action. The lower court in its final order adjudged the action abated by his death. Plaintiff contends that the cause of action did not wholly abate; that the order of the Civil Service Commission is a nullity because the commission did not have jurisdiction of the complaint and therefore his estate is entitled to judgment for the amount of unpaid salary from July 21, 1944, to August 10, 1945, the date of his death.

These additional facts, averred in the return, are admitted (*Salak v. St. Mary's G. C. Ch. Soc.*, 317 Pa. 39, 176 A. 453) by the demurrer: Following Cain's appointment to the police force, he performed his duties but only until March 20, 1941, when he went on "sick leave." Although he did not report for duty thereafter, the township paid him his salary in full to July 21, 1944. Prior to that date, the Superintendent of Police of the township served Cain with a copy of a notice in writing, signed by him, charging Cain with "neglect of duty and inability to perform his duties as a second grade patrolman and that a hearing thereon would be held on June 27, 1944", by the Civil Service Commission. A hearing was held by the commission, on the date set forth in the notice at which Cain appeared, and was heard. On June 28, 1944, the Civil Service Commission sent him this notice: "We hereby notify you that it is the unanimous decision of the members of the Police Civil Service Commission of the Township of Upper Darby, after hearing testimony, that you, Oborn Cain, be honorably discharged from the Police Department of the Township of Upper Darby as of July 21, 1944". Cain's subsequent

application for a rehearing was refused by the commission on March 13, 1945. He never appealed from the decision to the common pleas. Although the township commissioners, pursuant to the decision of the Civil Service Commission, terminated further payments of Cain's salary as of July 21, 1944, they never, by formal action, discharged him from the police force. However, there is nothing in the record indicating that Cain, at any time after applying for mandamus, was physically able to function as a patrolman or that he ever reported for duty. Under the admitted facts the questions raised were wholly of law for the court. *Com. ex rel. Wesenberg v. Bethlehem Schl. Dist.*, 148 Pa. Superior Ct. 250, 24 A. 2d 673.

We are not convinced that the cause of action, in this case, wholly abated by Cain's death. The Act of June 8, 1893, P. L. 345, §16, 12 PS 1919, allows a recovery for damages, in mandamus, as in actions at law. *Kell v. Rudy*, 1 Pa. Superior Ct. 507. Usually, damages are incidental to the specific relief prayed for and are allowable even though not claimed in the pleadings. *Langan v. Pittston Sch. Dist.*, 335 Pa. 395, 6 A. 2d 772. Here, however, in addition to the prayer for re-assignment to regular duty, Cain sought "all things done necessary to authorize and accomplish payment to him and receipt by him of his regular salary as of, and from July 21, 1944". This prayer for relief sets up a specific claim for damages measured by loss of back salary. Mandamus is a personal action within the classes contemplated by §35(a) of the Fiduciaries Act as amended March 30, 1921, P. L. 55, 20 PS 771. The act, in general language, provides that personal actions shall not abate merely because of the death of a plaintiff. Certainly Cain's claim of title to his appointive position died with him. But the entire cause of action did not abate; the claim of damages remained. To recover unpaid salary, plaintiff was obliged to establish that Cain held title to his position as patrolman up to the time of his death. Mandamus

is the appropriate action to determine that question; assumpsit is not. *Rush v. Philadelphia*, 62 Pa. Superior Ct. 80. We think the court was right in denying recovery, but was wrong in the method adopted, by an order abating the action. We find nothing in the law which compels payment of Cain's salary beyond July 21, 1944.

Plaintiffs rights are determined by the Act of June 5, 1941, P. L. 84 which furnishes "a complete and exclusive system for the appointment, promotion, reduction, suspension or removal of members of the police force in every . . . township of the first class . . ." §26, 53 PS 351.26. Defendant township is of that class with a Civil Service Commission appointed in accordance with the act. The statute prescribes the procedure to be followed in dismissing a police officer from the service of the township. Here we may assume that the statutory procedure was followed except in the one respect disclosed by the record. Section 21 of the Act, 53 PS 351.21 contemplates a hearing by the Civil Service Commission "if the person sought to be suspended, removed or reduced in rank . . . shall demand a hearing by the commission." The mere fact however that the hearing in this case was not demanded by Cain does not oust the jurisdiction of the commission. The commission was created to maintain standards of efficiency in the police service of boroughs, towns, and townships of the first class. Its jurisdiction is exclusive in determining the qualifications and fitness of a police officer both before appointment under the act and, if the issue is contested, whether cause exists for his discharge. Section 20 of the Act, 53 PS 351.20, defines the grounds for removal of a policeman, among them: "physical or mental disability affecting his ability to continue in service, in which case the person shall receive an honorable discharge from service". The written notice served on Cain informed him of the charge against him in the language of the act.

When Cain appeared, in accordance with the notice accompanying the complaint, he submitted to the juris-

diction of the Civil Service Commission to determine his status on the issue of his disqualification. He, by his voluntary appearance, must be regarded as having waived strict compliance with the statutory procedure. Since the commission had jurisdiction of the subject matter of the complaint the result is the same as though the hearing had been demanded by him. It is not unfamiliar practice in the common pleas for the parties to waive the issue of summons or other procedural requirement and submit to the court any issue within its jurisdiction. The waiver may be by agreement or by general appearance. And an objection to the jurisdiction of a court which goes, not to its judicial power, but to the mode in which the case is brought before it, will not avail, after a general appearance and plea in bar. *Schenley v. The Commonwealth for the City of Allegheny*, 36 Pa. 29; 3 Am. Jur., Appearances. §§30, 32. Defects in service of process, to bring one into court are always waived by appearance. *Schenley v. Com.*, supra. "The rule that consent cannot give jurisdiction applies only to jurisdiction of the cause of action or subject matter, not to jurisdiction of the person, or jurisdiction based on matters of procedure": *Susque. Co. Auditors' Report*, 123 Pa. Superior Ct. 195, 202, 187 A. 78. *Larkin v. Scranton*, 162 Pa. 289, 29 A. 910; *McCullough v. Railway Mail Assn.*, 225 Pa. 118, 73 A. 1007. An objection to jurisdiction on the ground of a procedural defect must be made before hearing on the merits or it will be considered waived. After appearance, the rule that objection to the jurisdiction may be taken at any stage of a proceeding, applies only to cases where the court did not have jurisdiction of the subject matter. *Susque. Co. Auditors' Report*, supra, p. 203.

These principles apply to the proceeding before the Civil Service Commission. The commission had jurisdiction of the subject matter and of Cain by his appearance; its decision therefore was binding both on him and upon the township commissioners. It is not fatal to the

472

defense that the township commissioners did not honorably discharge Cain "from service", by formal resolution following the decision of the commission. They did recognize the binding effect of the order by stopping the payment of his salary as directed. *Bragdon v. Ries,* 346 Pa. 10, 29 A. 2d 40. The result, inasmuch as we are concerned only with the question of damages, is the same as though Cain had been formally discharged.

Cain did not appeal to the common pleas within 60 days from the date of the commission's order, as he might have done, under §21 of the Act, 53 PS 351.21. In the absence of an appeal, the order of the Civil Service Commission became a final adjudication of Cain's status, barring recovery in this case. Cf. *White v. Old York Rd. Club,* 318 Pa. 346, 178 A. 3.

Judgment entered for defendants.