Hexter, Appellant, *v.* Haverford Township.

Argued March 26, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Louis Wagner,* with him *Stephen J. McEwen,* for appellant.

*Raymond E. Larson,* for appellee.

OPINION BY DITHRICH, J., July 19, 1951:

John A. Hexter, appellant, a member of the police force of Haverford Township, brought this action in assumpsit in the Court of Common Pleas of Delaware County to recover the amount of salary withheld from him as the result of an alleged unlawful thirty-day suspension.

Defendant filed preliminary objections which consisted of a motion to strike off the complaint and a demurrer. The demurrer was sustained by the court below in an opinion by BRETHERICK, J., wherein he stated: "We concur in the statement contained in defendant's demurrer that 'the facts set forth in the complaint, when considered separately from the conclusions of law which are recited therein, do not constitute

a cause of action on which the plaintiff is entitled to recover.' "

With respect to the procedural effect of the demurrer the court properly said: "Defendant, by demurring to the complaint, admits for present purposes the truth of all matters well pleaded therein. Wildee v. McKee, 111 Pa. 335, 337; Price v. Conway, 134 Pa. 340, 341; . . . Troop v. Franklin Savings & Trust Co., 291 Pa. 18. But, it is important to remember, a demurrer admits only material allegations of fact well pleaded, and not statements of legal conclusions or inferences from facts. Commonwealth ex rel. Davis v. Blume, 307 Pa. 406."

The averment in the complaint that "the Superintendent of Police has no power or authority to suspend the plaintiff as a member of the said police force" is not a material allegation of fact admitted by the demurrer but a conclusion of law.

The material facts alleged in the complaint and admitted by the demurrer are as follows: The defendant is a township of the first class, its corporate powers being vested in a Board of Township Commissioners. On April 1, 1941, plaintiff was appointed by the Township Commissioners to membership in defendant's police force and served as a policeman until March 21, 1949, at a monthly salary of $255.20. On or about that date he was notified by the Superintendent of Police, James F. Hartness, that he was suspended. This notice was followed by a written notice of suspension from the Superintendent, signed by him, dated March 24, 1949. The notice recited that the following written charges had been made against plaintiff: "On March 20, 1949, about 4:00 p.m. you did disobey the Rules and Regulations of the Haverford Township Police Department and the orders of the Superintendent of Police in that you did contact . . . [the] Secretary of the Civil Service Commission without first obtaining permission from Superintendent of Police, and further, at the aforesaid

time and place you did make certain accusations that the examination conducted by the Township of Haverford through its Civil Service Commission was not properly conducted and in accordance with the law, and thereby you violated the terms of the Civil Service Act of 1941 P. L. No. 84, in that you conducted yourself in a manner unbecoming an officer, and contrary to the orders of the Superintendent of Police and the Code of Discipline of the Haverford Township Police Department."

Section 13 of the Act, 53 PS §351.13, provides in part: "If any applicant or person feels himself aggrieved by the action of the commission in refusing to examine him or to certify him as eligible after examination the commission shall at the request of such person, within ten (10) days, appoint a time and place where he may appear personally and by counsel, whereupon the commission shall then review its refusal to make such examination or certification and take such testimony as may be offered. The decision of the commission shall be final."

In our opinion this case is ruled by *Cain v. Stucker,* 159 Pa. Superior Ct. 466, 48 A. 2d 162. In that case plaintiff had been appointed to the police force of Upper Darby Township, Delaware County. Sometime prior to June 27, 1944, the Superintendent of Police of the Township served Cain with a copy of a notice in writing, signed by him, charging Cain with "neglect of duty and inability to perform his duties as a . . . patrolman and that a hearing thereon would be held on June 27, 1944," by the Civil Service Commission. A hearing was held by the Commission on the date set forth in the notice at which Cain appeared and was heard. On the day following the hearing he received the following notice from the Civil Service Commission: "We hereby notify you that it is the unanimous decision of the members of the Police Civil Service Commission of the

Township of Upper Darby, after hearing testimony, that you, Oborn Cain, be honorably discharged from the Police Department of the Township of Upper Darby as of July 21, 1944." In the *Cain* case the point was made that the Township Commissioners had not discharged Cain by formal resolution following the decision of the Commission. We held, however, that (p. 472) : "They did recognize the binding effect of the order by stopping the payment of his salary as directed. Bragdon v. Ries, 346 Pa. 10, 29 A. 2d 40. The result, inasmuch as we are concerned only with the question of damages, is the same as though Cain had been formally discharged."

Appellant seeks to distinguish this case from the *Cain* case on the ground that in the latter case there was a *valid* suspension by a body with exclusive authority which was binding upon the Township Commissioners; whereas in the instant case there was *not* a valid suspension since the Superintendent of Police had no authority to suspend. Whether or not he had authority to suspend plaintiff is not necessary to a decision in the instant case.

We agree with the learned judge of the court below that "The stopping of the payment of salary was, in and of itself, a suspension of the plaintiff. We think it was unnecessary, in the circumstances, for the Commissioners to adopt a formal resolution . . ." Citing Cain v. Stucker, supra. It must be borne in mind that this was an action in assumpsit to recover the amount of salary due for the thirty-day period for which plaintiff was suspended.

Section 21 of the Act of June 5, 1941, P. L. 84, 53 PS §351.21, which furnishes a complete and exclusive system for the appointment, promotion, reduction, suspension or removal of members of the police force in townships of the first class, provides in part: "If the person sought to be suspended . . . shall demand a hearing by the commission, the demand shall be made

to the commission.. Such person may make written answers to any charges filed against him. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing and written answers thereto filed within five days and may be continued by the commission for cause, or at the request of the accused. At any such hearing the person against whom the charges are made may be present in person and by counsel. The appointing officer or body may suspend any such person without pay pending the determination of the charges against him, but in the event the commission fails to uphold the charges then the person sought to be suspended . . . shall be reinstated with full pay for the period during which he was suspended, and no charges shall be officially recorded against his record. . . . In the event the commission shall sustain the charges and order the suspension . . ., the person suspended . . . shall have immediate right of appeal to the court of common pleas of the county, and the case there determined as the court deems proper."

Plaintiff contends that he has been denied the due process of the law in that a hearing of the charges filed against him could only be had before the Civil Service Commission, one of the members of which had instigated the charges. With that contention we do not agree. If a hearing had been demanded, as provided by section 21, supra, and the charges sustained by the Civil Service Commission, as a body, and suspension ordered, plaintiff would have had the right of appeal to the court of common pleas where the case would have been determined "as the court deem[ed] proper" after a hearing of the appeal "on the original record, and such additional proof or testimony" as the plaintiff might have desired to offer in evidence.

Plaintiff having elected to proceed by assumpsit rather than as provided by the Act, we reiterate that

we are here concerned only with whether plaintiff is entitled to his salary for the month of his suspension.

Judgment affirmed.