## Nan Duskin v. Parks

*Ronald N. Diamond*, for plaintiff.
*Joseph R. Pozzuolo*, for defendant husband.

GUARINO, *J.*, March 3, 1978—This issue presents itself on defendant's objection in nature of demurrer to the complaint.

In testing sufficiency of the cause of action, all relevant facts which are well pleaded and all reasonable inferences flowing therefrom are admitted as true: Duffee v. Judson, 251 Pa. Superior Ct. 406, 380 A. 2d 843, 845 (1977). See also Hexter v. Haverford Township, 169 Pa. Superior Ct. 168, 82 A. 2d 668 (1951); Byers v. Ward, 368 Pa. 416, 84 A. 2d 307 (1951); Narehood v. Pearson, 374 Pa. 299, 96 A. 2d 895 (1953); Borden v. Baldwin, 444 Pa. 577, 281 A. 2d 892 (1971); Reardon v. Wilbur, 441 Pa. 551, 272 A. 2d 888 (1971); Watson v. Zanotti Motor Co., 219 Pa. Superior Ct. 96, 280 A. 2d 670 (1971); Clancy v. Wileczek, 69 D. & C. 2d 510 (1974); Albert Einstein Medical Center v. Nathans, 5 D. & C. 3d 619 (1978).

Plaintiff seeks to recover from defendant the sum of $657.67 for goods sold and delivered. The complaint is organized into three counts. Considering only the factual allegations (the demurrer does not admit conclusions of law—see Albert Einstein Medical Center v. Nathans, supra, and cases collected therein) in the first count, the plaintiff seeks to hold defendant liable[1] for the value of necessities[2] requested,[3] sold,[4] delivered[5] and accepted[6] by his wife.[7] These same allegations are incorporated in the second and third counts, with these exceptions: in the second count, plaintiff further alleges that "as a result of the aforesaid there was an implied agreement in fact and/or law" which obligates defendant-husband;[8] in the third count, plaintiff alleges defendant's statutory duty to support wife,[9] his wife's non-payment,[10] and his financial ability.[11]

While plaintiff has declared against defendant on three counts, our analysis of the allegations indicates but one cause of action: a cause of action to

1. Paragraph 10, complaint.

2. Paragraph 5, complaint.

3. Paragraph 3, complaint.

4. Ibid.

5. Ibid.

6. Paragraph 4, complaint.

7. Paragraph 2, complaint.

8. Paragraph 12, complaint.

9. The Support Law of June 24, 1937, P.L. 2045, sec. 1 et seq., 62 P.S. §1971 et seq.

10. Paragraph 16, complaint.

11. Paragraph 17, complaint.

recover from the husband for "necessaries" which plaintiff sold and delivered to his wife. Shorn of the legal conclusions drawn by the pleader, each of the allegations in the three counts is identical and directed to but one single cause of action and one request for relief, recovery for necessities. Where there is but one cause of action, the rule of pleading requiring that "[e]ach cause of action . . . be stated in a separate count": Pa.R.C.P. 1020(a), is not applicable. Plaintiff fails to make a distinction between what is a cause of action and what constitutes but mere groupings of facts. See Spadel v. Zarlinski, 39 D. & C. 2d 452 (1966). A demurrer, however, does not address itself to defects in the form of a pleading or failure to comply with rules of proper pleading. The demurrer tests the sufficiency of the cause of action pleaded: Pa.R.C.P. 1017(b)(a). Where a complaint contains the essential facts to constitute a claim, the demurrer does not lie: Department of Transportation v. Bethlehem Steel Corp., 28 Pa. Commonwealth Ct. 214, 368 A. 2d 888 (1977). Matters that are irrelevant or superfluous to a cause of action are vulnerable only to a preliminary objection in the nature of a motion to strike: Hudock v. Donegal Mutual Ins. Co., 438 Pa. 272, 264 A. 2d 668 (1970).

Shorn of the irrelevant allegations and the conclusions of law, the aggregate relevant allegations are that plaintiff sold defendant's wife goods which she, not he, requested and accepted. While there are allegations of an implied undertaking on the part of defendant to obligate himself there are no allegations of fact from which such an inference can be drawn. To imply a contract from the circumstances, a benefit must flow to the party to be bound: Thomas v. R.J. Reynolds Tobacco Co., 350

Pa. 262, 38 A. 2d 61 (1944). There is no allegation which indicates that a benefit was bestowed on defendant-husband. Plaintiff relies exclusively on the rule of law that makes the husband liable for necessities a third party supplies to defendant's wife, whether or not she is indigent[12] or dependent upon him for support. This was the very issue that I addressed at some length in Albert Einstein Medical Center v. Nathans, supra. There, I held that a complaint in assumpsit which alleges that plaintiff supplied necessities to wife, which had been solicited solely by her and not by the husband, does not state a good cause of action against him. The rule of law which makes a husband liable to a third party for necessities he may furnish his spouse is repugnant to article 1, sec. 28, of the Pennsylvania Constitution commonly referred to as the Equal Rights Amendment.

I have now had occasion to review that decision, and I now confirm it. For reasons therein set forth, I again reject the view that equality of the sexes can be achieved under the mandate of the Equal Rights Amendment by imposing an equal duty on the wife to pay for necessities that may be supplied to her husband, as the court did in Albert Einstein Medical Center v. Gold, 66 D. & C. 2d 347 (1974). In my view, where a rule of law is repugnant to the Constitution it is the duty of the court to strike it, not to

12. Reliance on The Support Law, 62 P.S. §1971, adds nothing to defendant's position. Duty to support based on family relationship depends upon dependence and indigency. See also Commonwealth ex rel. Buonocore v. Buonocore, 235 Pa. Superior Ct. 66, 340 A. 2d 579 (1975); Albert Einstein Medical Center v. Forman, 212 Pa. Superior Ct. 450, 243 A. 2d 181 (1968). There is no allegation of indigency nor indeed any mention of the wife's ability to pay.

add provisions to it that will make it conform to the constitutional provision. The latter function is legislative.

There are hints in defendant's memorandum and in the complaint which indicate that the cause of action may be improved upon by alleging an implied promise on the part of defendant to assume or pay for goods delivered to his wife.

Accordingly, I sustain the demurrer; plaintiff is given leave to amend the complaint within 20 days hereof.

## ORDER

Accordingly, I sustain the demurrer; plaintiff is given leave to amend the complaint within 20 days hereof.