Pasquinni—Building Inspector, Brentwood Borough *v.* Joseph T. Bombara. Brentwood Borough, Appellant.

Argued May 3, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Lawrence G. Zurawsky,* for appellant.

*John P. Spina,* with him *William J. Murray,* for appellee.

OPINION BY JUDGE BLATT, August 26, 1982:

A District Justice found Joseph T. Bombara (Bombara) guilty of having erected a six-to-seven foot high

stockade fence on his property in violation of Borough Zoning Ordinance No. 884, section 502.5[1] and imposed a fine of $30.00 plus costs. On appeal, after a hearing, the Court of Common Pleas of Allegheny County adjudged Bombara "not guilty" of violating the ordinance. The Borough and its building inspector (appellants) then appealed to this Court, characterizing their action as one seeking review of an error of law committed by the trial court's misinterpretation and misconstruction of the borough ordinance, rather than as one seeking review of a verdict of "not guilty." Bombara then filed a motion to dismiss the appeal and to assess attorney's fees and costs.

Disposition of this case is governed by *Borough of West Chester v. Lal*, 493 Pa. 387, 426 A.2d 603 (1981), in which our Supreme Court held that a verdict of acquittal in a criminal proceeding[2] cannot be reviewed without placing the defendant in double jeopardy in violation of his constitutional rights, even where an acquittal is based upon an "egregiously erroneous foundation." *Id.* at 392, 426 A.2d at 605 (quoting

---

[1] Borough Zoning Ordinance No. 884, section 502.5 provides: No fence or wall or other obstruction (except a required buffer screen, retaining wall, or a wall of a building permitted under the terms of this Ordinance) over four (4) feet in height, shall be erected. This provision shall not apply to the required enclosing of outside storage areas in Commercial Districts. The ratio of open area to enclosed area shall not be less than one-to-one (1:1). Any exceptions for fences exceeding the height or open portion requirements shall require a special exception. No fence shall be permitted in required front yard areas or in front of an existing building line. If fencing is installed, sharp or protruding edges shall be prohibited.

[2] Criminal proceedings include all actions for the enforcement of the penal laws, Pa. R. Crim. P. 3(g), and penal laws include "any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." Pa. R. Crim. P. 3(*1*). Neither party questions that this was a criminal proceeding.

*Sanabria v. United States,* 437 U.S. 54, 64 (1978) (citing *Fong Foo v. United States,* 369 U.S. 141 (1962))). The appellants argue, however, that the trial court "granted a demurrer, *sua sponte,* which was an error of law committed during the interpretation of a borough zoning ordinance" when, in the course of the hearing, the trial judge "ignored the unrebutted evidence in the record that the . . . fence was not a buffer screen and that the 'buffer screen' exception was not . . . relevant to the circumstances before the court below."

A demurrer, of course, is a pleading in which a party admits the truth of all the relevant facts pleaded for the sole purpose of testing the legal sufficiency of the challenged pleading. *Dippel v. Brunozzi,* 365 Pa. 264, 74 A.2d 112 (1950). "[I]t is important to remember, a demurrer admits only material allegations of fact well pleaded, and not statements of legal conclusions or inferences from facts." *Hexter v. Haverford Township,* 169 Pa. Superior Ct. 168, 170, 82 A.2d 668, 669 (1951). There is no evidence here that a demurrer was pled by any of the parties. Moreover, the trial court's role is to rule on demurrers when raised and is without power to raise one on its own initiative. It is, therefore, obvious that the argument by which the appellants seek to circumvent their inability to appeal the "not guilty" verdict is without merit. They cannot, by attempting to bifurcate the matter, succeed in appealing a verdict from which no appeal can be taken.

As to Bombara's entitlement to counsel fees and costs pursuant to Section 2503(9) of the JARA Continuation Act of 1980, 42 Pa. C. S. §2503(9) and Pa. R.A.P. 2744, he grounds it on the assertion that the appellants' appeal is vexatious and frivolous. The appeal, however, does evidence a good faith effort to sustain the validity and enforceability of an important

borough zoning ordinance and, as such, cannot be deemed vexacious or frivolous.

We will, therefore, grant the motion to dismiss and deny the request for an award of attorney's fees and costs.

ORDER

AND Now, this 26th day of August, 1982, the appellee's motion to dismiss the appeal in the above-captioned matter is hereby granted and the appellee's request for an award of attorney's fees and costs is denied.