**MAURICE A. NERNBERG & ASSOCIATES, Appellant**

v.

**Michael F. COYNE as Prothonotary of the Court of Common Pleas of Allegheny County, Pennsylvania and Tony Bagnato, as Motions Clerk for the Court of Common Pleas of Allegheny County.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 2007.

Decided April 4, 2007.

Joshua A. Lyons, Pittsburgh, for appellant.

Ronald G. Backer and George M. Janockso, Pittsburgh, for appellee, Michael F. Coyne.

BEFORE: PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge COHN JUBELIRER.

The Appellant, Maurice A. Nernberg & Associates (Nernberg), pro se, challenges the order of the Court of Common Pleas of Allegheny County (trial court) denying its petition for money damages and counsel fees in connection with a successful mandamus action against the Prothonotary and Motions Clerk (Defendants) of the trial court. Nernberg claims the trial court erred as a matter of law because Section 8303 of the Judicial Code, 42 Pa.C.S. § 8303, entitles it to damages as a successful plaintiff in mandamus. Nernberg also argues that the trial court abused its discretion by denying counsel fees because Section 2503 of the Judicial Code, 42 Pa. C.S. § 2503, entitles Nernberg to counsel fees due to the arbitrary conduct of Defendants.

In June 2000, Nernberg filed a complaint in mandamus with the trial court, later amended in July 2000, alleging that Defendants engaged in a discriminatory practice by permitting attorneys outside of Allegheny County to file preliminary objections through the mail, yet mandating that attorneys within Allegheny County personally file preliminary objections with

Defendants. This controversy surrounded the interpretation of Allegheny County Local Rule 1028.1(A), which provided at the time: "[p]reliminary objections ... shall be presented to the Motions Clerk and thereafter filed with the Prothonotary." (Nernberg's Br. at 14; Defendants' Br. at 3.) In June 2003, Nernberg filed a motion for peremptory judgment, which the trial court denied in October 2003.

Approximately three years later, in March 2006, with barely any activity on the docket, Defendants filed a Motion for Summary Judgment. Nernberg responded by filing a Cross Motion for Summary Judgment, and on May 8, 2006, the trial court granted Nernberg's Cross Motion for Summary Judgment, directing Defendants to follow the Pennsylvania Rules of Civil Procedure, which permit the filing of legal documents by mail and prohibit any local rule to mandate the contrary. Pa. R.C.P. Nos. 205.1 and 205.2.[1] On May 23, 2006, Nernberg filed a Petition for Damages and Attorney Fees (Petition) in connection with its successful mandamus action. The trial court denied Nernberg's Petition on July 18, 2006. After Nernberg filed a timely Notice of Appeal to this Court, the trial court issued its Pa. R.A.P. 1925(a) opinion, which adopted Defendants' brief and conclusions,[2] and found no legal basis to award Nernberg legal fees. (Trial Ct. Op., September 28, 2006.)

This appeal followed.[3]

**I.**

Nernberg[4] argues that Section 8303 expressly entitles a successful plain-

---

**1.** Pa. R.C.P. No. 205.1 provides that "[a]ny legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered *or mailed* to the prothonotary.... Neither the party nor the party's attorney need appear personally and present such paper to the officer." Pa. R.C.P. No. 205.1 (emphasis added). Also, Pa. R.C.P. No. 205.2 mandates: "[n]o pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary based on a requirement of a local rule of civil procedure or judicial administration...."

**2.** Defendants raised the following arguments in their brief before the trial court: (1) the trial court lacked jurisdiction to grant the relief requested by Nernberg due to the 30–day limitation under Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505; (2) Nernberg failed to establish arbitrary conduct by Defendants in order to justify an award of counsel fees; (3) Nernberg, as a pro se plaintiff, is prohibited from recovering counsel fees; and (4) Nernberg did not incur any damages. (Defendants' Br. in Opposition to Issuance of Rule to Show Cause, June 9, 2006, R. 24.)

**3.** We review the trial court's decision to deny mandamus damages for abuse of discretion or legal error. *Barness Land Dev. Co., LLC v.*

*Bd. of Supervisors of Washington Twp.*, 852 A.2d 463, 466 (Pa.Cmwlth.2004). A denial of counsel fees under Section 2503 of the Judicial Code, 42 Pa.C.S. § 2503, rests with the discretion of the trial court, and this Court reviews its denial for abuse of discretion. *Westmoreland County Indus. Dev. Auth. v. Allegheny County Bd. of Prop. Assessment*, 723 A.2d 1084, 1086 (Pa.Cmwlth.1999).

**4.** In its brief, Nernberg notes the insufficiency of the trial court's opinion because the trial court merely adopted the contentions in Defendants' brief. This Court previously expressed its strong disapproval in a trial court's wholesale adoption of a party's brief:

While the trial court's action is technically correct according to [Pa. R.A.P. 1925(a)], we find the adoption of a party's brief, which is necessarily prepared from an advocate's point of view, wholly inappropriate. A trial court opinion should reflect the independent thought and reasoning of the court. While we are well aware of the enormous caseload of the trial courts in this Commonwealth, this type of corner cutting in an attempt to save time and effort is frowned upon by this court.

*Milan v. Department of Transportation*, 153 Pa.Cmwlth. 276, 620 A.2d 721, 723 n. 2 (1993).

tiff in mandamus to recover damages as a matter of law. The specific relief sought here entailed Defendants' compliance with Pa. R.C.P. Nos. 205.1 and 205.2, compelling them to accept the filing of preliminary objections by mail. Defendants' refusal, according to Nernberg, forced it to send one of its employees to personally file these documents, costing both time and money. Nernberg asserts that these damages are incident to the Defendants' failure to accept filings by mail. Moreover, Nernberg argues that damages are recoverable even when not claimed in the pleadings. *Cain v. Stucker,* 159 Pa.Super. 466, 48 A.2d 162, 164 (1946) (citing *Langan v. Sch. Dist. of City of Pittston,* 335 Pa. 395, 399–400, 6 A.2d 772, 774 (1939)).

■■■■ As a general matter, a successful plaintiff in a mandamus action is entitled to damages. Under Section 8303,[5] a defendant in a mandamus action "who is adjudged ... to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal." Damages are generally appropriate when a defendant fails to perform a ministerial duty, even when such failure results from an erroneous legal interpretation. *Stoner v. Twp. of Lower Merion,* 138 Pa.Cmwlth. 257, 587 A.2d 879, 885 (1991).

■■■■ Defendants[6] note that Nernberg did not request damages either in its Amended Complaint or in its Cross–Motion for Summary Judgment. Moreover, Defendants claim Nernberg failed to establish any actual damages because, in having its legal assistant personally file the preliminary objections, Nernberg did not incur any costs outside the normal course of doing business.[7]

Nernberg relies on case law from the Pennsylvania Superior Court for the prop-

---

5. Damages under Section 8303 does not encompass an award for reasonable counsel fees, which may only be awarded after addressing the statutory factors articulated in Section 2503. *Township of Marple v. Weidman,* 149 Pa.Cmwlth. 286, 613 A.2d 94, 95 (1992). Section 2503 elaborates on ten scenarios in which a litigant may be entitled to reasonable counsel fees. For purposes of this case, 42 Pa.C.S. § 2503(9) allows counsel fees when "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith."

6. The Prothonotary filed an Appellee's Brief in this Court, which is joined by the Motions Clerk.

7. Defendants also argue that the trial court lacked jurisdiction to award damages because the grant of summary judgment occurred two months before the court decided Nernberg's Petition. Defendants maintain that the trial court may only modify a previous order within 30 days after its entry, under Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, and after that thirty day period, the trial court's jurisdiction is divested.

When a trial court seeks to modify or rescind any previous order, the trial court must do so "within 30 days after its entry ... if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. This 30–day limitation is jurisdictional and cannot be waived by the parties. *Mun. Council of Municipality of Monroeville v. Kluko,* 102 Pa. Cmwlth. 49, 517 A.2d 223, 225 (1986).

Here, the trial court denied the Petition, albeit more than thirty days after the entry of summary judgment. However, because the trial court's order granting Nernberg summary judgment did not contain an award of damages, Nernberg's subsequent Petition sought a new order, not a modification of the trial court's previous order. Assuming Nernberg's Petition sought to modify the trial court's previous order, had the trial court not acted at all, the trial court's inaction would also be considered a denial because the trial court failed to act on Nernberg's Petition within thirty days under Section 5505. Therefore, because we have a denial of the Petition before us, we will address the issue of whether a denial of mandamus damages, whether by inaction or court order, was proper.

osition that damages incidental to the specific relief sought by the plaintiff in a mandamus action are recoverable even though the plaintiff may not have pled damages in the pleadings. *Cain,* 48 A.2d at 164. In *Cain,* the Superior Court allowed such recovery and cited to the Pennsylvania Supreme Court case, *Langan. Id. Langan* held damages in a mandamus proceeding are still recoverable even when the plaintiff did not plead them because of "the peculiar nature of mandamus proceedings and the fact that until the writ issued damages would not be ascertained." *Langan,* 335 Pa. at 399–400, 6 A.2d at 774.

However, both *Cain,* decided in 1946, and *Langan,* decided in 1939, predate the implementation of Rule 1095 of the Pennsylvania Rules of Civil Procedure in 1947, which sets forth the components that a complaint in mandamus *must* contain:

> The plaintiff *shall* set forth in the complaint:
>
> (1) the name and description of the plaintiff and defendant;
>
> (2) the facts upon which plaintiff relies for the relief sought;
>
> (3) the act or duty the defendant is required to perform and the refusal to perform it;
>
> (4) the interest of the plaintiff in the result;
>
> (5) the *damages,* if any;
>
> (6) the want of any other adequate remedy at law;
>
> (7) a prayer for the entry of a judgment against the defendant commanding that the defendant perform the act or duty required to be performed *and for damages,* if any, and costs.

Pa. R.C.P. No. 1095 (emphasis added).

■ It is well settled that the Rules of Civil Procedure have the same force and effect as statutes passed by the General Assembly. *Lohmiller v. Weidenbaugh,* 503 Pa. 329, 333 n. 4, 469 A.2d 578, 580 n. 4 (1983). Further, prior statutes that are inconsistent with the Rules of Civil Procedure are suspended. 42 Pa.C.S. § 1722(a)(1). In *Slavin v. Slavin,* 368 Pa. 559, 84 A.2d 313 (1951), the Pennsylvania Supreme Court effectively overruled a line of cases that were "no longer proper under the present Pennsylvania Rules of Civil Procedure...." *Slavin,* 368 Pa. at 567, 84 A.2d at 317; *see also Gedeon v. Shoup,* 171 Pa.Super. 92, 90 A.2d 377, 379 (1952).

Here, Pa. R.C.P. No. 1095 effectively changed the procedural rule for the components required in a complaint in mandamus, and both *Cain* and *Langan,* in this respect, are no longer applicable because they predate the effective date for Pa. R.C.P. No. 1095. Under Rule 1095(5) and (7), Nernberg's complaint must set forth and request damages in order for Nernberg to recover. In Nernberg's Amended Complaint in Mandamus, Nernberg sets forth the following prayer for relief:

> WHEREFORE, the Plaintiff, [Nernberg] respectfully requests that [Defendants] be ORDERED to comply with Allegheny County Local Rule 1028.1 such that attorneys and/or law firms outside of Allegheny County must present, in person, all Preliminary Objections and similar documents.
>
> In the alternative, the Plaintiff requests that the Defendants be ORDERED to forego their discriminatory and unconstitutional practice of not permitting Allegheny County attorneys and/or law firms from mailing the Preliminary Objections and similar documents to the Motions Clerk of the [trial court] which is standard practice for all attorneys and/or law firms outside of ... Allegheny County."

(Nernberg's Amended Complaint in Mandamus at 4–5, R. at Item 4.)

Because Nernberg failed to request damages in its Amended Complaint in Mandamus, pursuant to Pa. R.C.P. No. 1095, Nernberg is precluded from recovering damages.[8]

## II.

 Lastly, Nernberg claims it is entitled to counsel fees because under Section 2503(9) of the Judicial Code, 42 Pa.C.S. § 2503(9), Defendants engaged in arbitrary conduct when they refused to accept filings by mail even though Pa. R.C.P. No. 205.1 expressly permits filing by mail and Pa. R.C.P. No. 205.2 prohibits any local rule to mandate the contrary.

 Under Section 2503(9), reasonable counsel fees may be awarded to a prevailing party if the party can demonstrate "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." A party acts in an arbitrary manner when "such conduct is based on random or convenient selection or choice rather than on reason or nature." *Thunberg v. Strause*, 545 Pa. 607, 615, 682 A.2d 295, 299 (1996). This Court, in *Westmoreland County Industrial Development Authority v. Allegheny County Board of Property Assessment*, 723 A.2d 1084 (Pa. Cmwlth.1999), recognized that an award for counsel fees under Section 2503 is meant to compensate the innocent litigant for costs caused by the actions of the opposing party. *Westmoreland County*, 723 A.2d at 1086–87. Therefore, we held Section 2503 does not authorize "an award of a pro se equivalent of counsel fees to a pro se litigant." *Id.* at 1087 (quotations and italics omitted).

Nernberg believes Defendants admitted to the randomness of their conduct when they characterized their accommodation to out of county attorneys as a "courtesy." (Nernberg's Br. at 12–13.) Nernberg also emphasizes that Local Rule 1028.1 only states that preliminary objections "shall be presented" to the Motions Clerk, which, read in conjunction with Pa. R.C.P. No. 205.1, must include mailing.

Defendants argue that they did not engage in arbitrary conduct. Rather, Defendants believe that they merely followed the Local Rules, which were promulgated by the trial court and fully consistent with the Rules of Civil Procedure. Also, according to Defendants, the verb "present" in Local Rule 1028.1 has been understood to mean filing in person by every judge and attorney in Allegheny County for 30 years. Moreover, Defendants claim pro se plaintiffs are not entitled to recover counsel fees.

Here, the trial court did not abuse its discretion when it denied counsel fees to Nernberg. There is no evidence to demonstrate that Defendants acted in bad faith in this litigation. Moreover, under *Westmoreland County*, Section 2503(9) does not authorize an award of counsel fees to a pro se litigant. Because it represented itself in this litigation, Nernberg, as a law firm, acted pro se, precluding an award of counsel fees.

Accordingly, we affirm.

## O R D E R

**NOW**, April 4, 2007, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby **AFFIRMED**.

---

8. As Defendants note, Nernberg also failed to request damages in its Cross Motion for Summary Judgment. (Nernberg's Cross Motion for Summary Judgment at 2, R. at Item 20.)