J. A15008/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| M.O. | : | IN THE SUPERIOR COURT OF | |
| Appellant | : | PENNSYLVANIA | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| F.W.M. | : | | |
| | : | | |
| | : | No. 1981 EDA 2015 | |

Appeal from the Order Entered June 16, 2015
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2007-61401

BEFORE: FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 15, 2016**

Appellant, M.O., (Father) appeals from the June 16, 2015 Order[1] entered by the Court of Common Pleas of Bucks County granting the Motion for Award of Attorney Fees and Costs filed by Appellee, F.W.M., (Mother) and ordering Father to pay $8,140 in attorney's fees and $5.25 in costs. We affirm.[2]

---

[1] The Order is dated June 16, **2014** but a review of the certified record indicates that it was filed on June 16, **2015**.

[2] On April 21, 2016, Mother filed one document entitled "Application for Further Costs, Counsel Fees, and Damages for Delay Pursuant to Pa.R.A.P. 2744 and Pa.R.A.P. 2751 and Application of Appellee to Dismiss and/or Quash the Captioned Appeal." We hereby deny Mother's Application to Dismiss or Quash, and deny Mother's Application for Further Costs, Counsel Fees, and Damages for Delay without prejudice to seek relief in the trial court.

## **Factual and Procedural History**

The trial court composed the following accurate and detailed procedural and factual history of the case:

This custody dispute has a long and complicated history, as the dispute began in May of 2007. Accordingly, only the relevant factual history will be discussed.

Father and Mother have one child together, O.O. (hereinafter "Child") from their relationship. Mother and Father were never married, and the custody dispute over Child began before Child was born. From May of 2007 through October of 2013, this custody case was actively litigated in Bucks County. [In addition to custody proceedings and contempt proceedings, Father has previously filed an appeal to the Superior Court after Father was ordered by the Honorable Diane E. Gibbons, another judge of this [c]ourt, to pay $60,856 in attorney's fees in 2011. This [c]ourt's award of attorney's fees was upheld on appeal. **See M.O. v. F.W.**, 112 EDA 2012. Father was a *pro se* appellant in that case. Additionally, in June of 2011, Father, again a *pro se* litigant, filed a civil lawsuit against Judge Gibbons, in which Father requested damages in the amount of one billion dollars. This lawsuit was dismissed. Finally, Father appealed Judge Gibbons' custody decision in 2012, and the Superior Court affirmed this Court's custody determination in that case as well. **See M.O. v F.W.**, 42 A.3d 1068 (Pa. Super. 2012).] On October 11, 2013, Father filed a Petition to Modify Custody in Montgomery County. Montgomery County refused to assume jurisdiction in this matter, stating that "this court cannot imagine any reason to assume jurisdiction or venue of this action from Bucks County, unless Bucks County relinquishes jurisdiction." **See id**. at ¶ 17. This [c]ourt did not relinquish jurisdiction despite Father's attempt to file a "Praecipe to Mark the Captioned Matter, Settled, Discontinued and Ended" with our Prothonotary. On January 23, 2014, Father filed a Petition to Close, Dispose, and Transfer the Above Matter to Montgomery County, PA. This Court held a hearing on that Petition on February 24, 2015, and we denied the Petition, as we believe that it is appropriate for Bucks County to maintain jurisdiction in this matter, as Father still resides in Bucks County and Father, Mother, and Child have significant contacts in Bucks County. Additionally, the Bucks County court system is intimately familiar

with this case, having held at least sixteen hearings on this matter, including a seven-day custody proceeding in April and May of 2011. **See M.O. v. F.W.**, 42 A.3d at 1070.

Mother filed her [Motion for Award of Attorney's Fees and Costs] on March 7, 2014, in which Mother asked this Court to award attorney's fees and costs due to the unnecessary litigation pursued by Father in Montgomery County. Specifically, Mother asserted that Father continued to pursue litigation in Montgomery County after Father was advised by the Honorable Rhonda L. Daniele, of the Montgomery County Court of Common Pleas, that Montgomery County would not assume jurisdiction unless Bucks County relinquished jurisdiction. **See** March 7, 2014 Motion for Award of Attorney's Fees at 2. Mother asserted that she "was required to litigate in two venues, simultaneously, in order to enforce this Court's custody order. Mother incurred unnecessary legal expenses and costs due to Father's willful ignorance of basic and fundamental procedural and substantive laws regarding the transfer of venue and jurisdiction in a child custody matter under the Uniform Child Custody Jurisdiction and Enforcement Act." **See id**. at 2-3. We scheduled a hearing for June 16, 2015 for Mother's [Motion] and for Father's attorney's Motion to Withdraw as Plaintiff's Counsel. At this hearing, this [c]ourt was presented with testimony and argument regarding Father's litigious behavior, and we agreed that Mother was subjected to unnecessary litigation in both Montgomery County and Bucks County. Therefore, this Court granted Mother's Petition and awarded Mother $8,140 in legal fees and $5.25 in costs.

Trial Court Opinion, dated 7/21/15, at 1-3.

Father timely appealed, but failed to file an accompanying Rule 1925(b) Statement. **See** Pa.R.A.P 905(a)(2); **see also** Pa.R.A.P 1925(b). On July 21, 2015, the trial court filed an Opinion concluding that this Court should dismiss Father's appeal for failure to file a Rule 1925(b) Statement. On July 27, 2015, Mother filed an Application of Appellee F.W.M. to Quash Appeal of M.O. and Award Attorney Fees Pursuant to Pa.R.A.P. 2744. On

September 3, 2014, this Court entered an Order denying the Application to Quash without prejudice, requiring Father to file a Rule 1925(b) Statement within ten days, and directing the trial court to file a supplemental opinion. Both Father and the trial court complied.

## Issues Raised on Appeal

Father raises the following ten issues for our review, reordered for ease of disposition:

1. Did Appellee unlawfully relocate the minor child from Bucks County to Montgomery County?

2. Did Appellee's unlawful relocation of the minor Child to Montgomery County and subsequent requirement that all contact, visits, and the Child's activities be in Montgomery County for over two (2) years create a basis for filing for relief in Montgomery County and constitute having "unclean hands[?"]

3. Did Appellant improperly file his Petition to Modify Custody in the wrong jurisdiction?

4. Was filing the Praecipe to Mark Settled Discontinued and Ended procedurally improper?

5. Do any potential procedural errors in Appellant's appeal to Superior Court warrant its dismissal?

6. Are Appellant's Petition to Modify Custody and/or Praecipe to Mark Settled Discontinued and Ended vexatious, arbitrary, or filed in bad faith to warrant the assessment of attorney's fees?

7. Did Appellee meet the burden of proof of the definitions of ["arbitrary," "bad faith," or "vexatious,"] as defined in Thunberg v. Strause, 545 Pa. 607 (1996), 682 A.2d 295 and were those definitions, along with the Rule on Counsel Fees in

the Commonwealth of Pennsylvania, properly applied by the [t]rial [c]ourt?

8. Did the [t]rial [c]ourt display bias against Appellant by continually overruling Appellant's objections without hearing what they were yet sustaining all of Appellee's objections without hearing what they were and by denying Appellant the opportunity to make a proper record?

9. Did the [t]rial [c]court subject Appellant to inadequate counsel by forcing his counsel to remain, forcing Appellant to act as co-counsel while being aware of gross inadequacies and ethical violations by current counsel and then later admonishing Appellant's counsel for his inadequate lawyering?

10. Did the [trial court] improperly accept and act on Appellee's deficient and improperly filed Motions, Petitions, and Pleadings that did not meet the requirements of Pa.R.C.P. 1024(c) whereby they were all improperly verified?

*See* Father's Brief at 8-9.

## Legal Analysis

The order from which Father appeals provides:

And now, this 16th day of June, 2014 upon consideration of the Motion of Defendant, [F.W.], for Award of Fees and Costs, and Plaintiff's reply thereto, it is hereby,

ORDERED and DECREED that Defendant's Motion is granted. Plaintiff is hereby,

ORDERED to pay Defendant $8,140 in attorney fees and $5.25 in costs within 10 days of the entry of this Order.

Trial Court Order, filed 6/16/15.

Our standard of review of an award of counsel fees is well settled:

"we will not disturb a trial court's determination absent an abuse of

discretion. A trial court has abused its discretion if it failed to follow proper legal procedures or misapplied the law." ***A.L.-S. v. B.S.***, 117 A.3d 352, 361 (Pa. Super. 2015) (internal citations omitted).

In custody cases, a trial court may award attorney's fees "if the court finds that the conduct of another party was obdurate, vexatious, repetitive or in bad faith." 23 Pa.C.S. § 5339.

Issues 1 through 5

In his first five issues, Father challenges filings, rulings, and issues that were not before the trial court at the June 16, 2015 hearing.

The only two matters before the trial court at the June 16, 2015 hearing were Mother's Motion for Award of Attorney's Fees and Costs and Father's Counsel's Motion to Withdraw. The only Order on appeal is the June 16, 2015 Order granting Mother's Motion for Award of Attorney's Fees and Costs. Father's first five claims of error fall outside the scope of the June 16, 2015 Order and are not properly before this Court in this appeal. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")

Issues 6 and 7

In the sixth and seventh claims of error, Father contends that the trial court abused its discretion when it determined that Appellant's Petition to Modify Custody and/or Praecipe to Mark Settled Discontinued and Ended was

"vexatious, arbitrary, or filed in bad faith to warrant the assessment of attorney's fees."  Father's Brief at 8.

The trial court opined:

Father further contends that the [c]ourt abused its discretion when it awarded Mother's attorney fees after determining that Father's conduct was vexatious.  Father's conduct is directly at issue because Pennsylvania law dictates that participants shall be entitled to recover reasonable attorney's fees when the conduct of another party is arbitrary, vexatious, or in bad faith. 42 Pa. C.S. § 2503.  In Nernberg & Associates v. Coyne, 920 A.2d 967, 972 (Pa. Cmwlth. Ct. 2007), the court held that conduct is arbitrary when decisions are made based on random or convenient selection or choice rather than on reason or nature. Similarly, vexatious conduct is defined as annoying behavior "without reasonable or proper cause or excuse." Black's Law Dictionary (10th ed. 2014).  Here, there was no proper legal cause to file a petition in Montgomery County. Judge Daniele of Montgomery County dismissed the petition because Bucks County had never relinquished jurisdiction. See June 16, 2015 Hearing Transcript at 12 (hereafter Hearing Transcript).  This [c]ourt found that the Montgomery filing was merely a blatant attempt at forum shopping.  See Hearing Transcript at 72.  Therefore, the [c]ourt appropriately held that Father's conduct was arbitrary and vexatious.

Trial Court Opinion, dated 9/30/15, at unmarked 5.  A review of the record supports the trial court's findings.  Therefore, we find no abuse of discretion.

Issues 8 and 9

Father's eighth claim of error is that the trial court displayed "bias against Appellant by continually overruling Appellant's objections" and his ninth claim of error is that the trial court subjected him to "inadequate counsel by forcing his counsel to remain."  Father's Brief at 8.  For the following reasons, we conclude both of these issues are waived.

In the argument section of his brief regarding bias and inadequate counsel, Father fails to include "discussion and citation of authorities as are deemed pertinent[,]" "a reference to the place in the record where the matter referred to appears[,]" and "a [s]tatement of place of raising or preservation of issues" as required by Rule 2119. Pa.R.A.P. 2119(a); (c); (e). The law is clear that arguments that are not properly developed are waived. **Lackner v. Glosser**, 892 A.2d 21, 29 (Pa. Super. 2006); **see also Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007) (stating "[w]e shall not develop an argument for [an appellant], nor shall we scour the record to find evidence to support an argument; consequently, we deem this issue waived.").

Further, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Commonwealth v. Adams,** 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

Father failed to comply with the briefing requirements set forth in Pa.R.A.P. 2119. We are, therefore, unable to conduct meaningful appellate review of these two issues.[3]

Issue 10

Father's tenth claim of error is that the trial court accepted and acted on Appellee's deficient and improperly filed motions, petitions, answers, and pleadings. Father's Brief at 9. We find this claim to be waived as Father failed to raise it in his Rule 1925(b) Statement and raises it for the first time in his Brief. *See* Pa.R.A.P. 1925(b) (providing that issues not included in a 1925(b) Statement are waived). *See also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

For the reasons stated above, we conclude the trial court did not abuse its discretion in granting Mother's Motion for Attorney's Fees and Costs.

Order affirmed. Mother's Application to Dismiss or Quash denied. Mother's Application for Further Costs, Counsel Fees, and Damages for Delay denied without prejudice to seek relief in the trial court.

---

[3] Father failed to develop his eighth claim of error – a challenge to the trial court's evidentiary rulings – in his 1925(b) Statement as well as his Brief. The trial court was unable to address this issue and opined: "Father failed to identify any specific objections that indicated any apparent bias, and therefore the [c]ourt cannot compose an informed response to this matter." Trial Court Opinion, dated 9/30/15, at unmarked 6. Like the trial court, we, too, were unable to address this claim of error because Appellant failed to provide any legal basis.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/15/2016</u>