**WESTMORELAND COUNTY INDUSTRI-AL DEVELOPMENT AUTHORITY and John K. Whiteford**

**v.**

**ALLEGHENY COUNTY BOARD OF PROPERTY ASSESSMENT, APPEALS AND REVIEW; Allegheny County; Gateway School District; Municipality of Monroeville; County of Westmoreland; Westmoreland County Board of Assessment Appeals; Franklin Regional School District;**

**Municipality of Murrysville; Municipality of Monroeville, Gateway School District and Allegheny County, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 21, 1996.
Decided Dec. 26, 1996.

Martin R. Jerge, Pittsburgh, for appellant, Municipality of Monroeville.

Nicholas J. Evashavik, Pittsburgh, for appellant, Gateway School District.

Byron D. Xides, Pittsburgh, for appellant, Allegheny County.

John K. Whiteford, pro se, appellee.

George A. Kotjarapoglus, Greensburg, for appellee, Municipality of Murrysville and Franklin Regional School District.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Allegheny County, Gateway School District, and the municipality of Monroeville appeal from the June 17, 1996 order of the Court of Common Pleas of Allegheny County (Common Pleas) granting summary judgment in favor of John Whiteford. We affirm.

In January 1991, Whiteford filed an action in common pleas court seeking to determine the tax situs of the property located at 3245 Miracle Drive. In connection with his obtaining title insurance, Whiteford was informed that the taxing authorities from both counties[1] had been assessing taxes against the property and that both counties had been aware of the boundary dispute since 1976, but neither county took steps to determine the correct boundary.[2] Unwilling to pay taxes in two jurisdictions, Whiteford asked the court to appoint a receiver to hold all tax payments pending resolution of the boundary dispute, to enjoin tax sale of his property, and to discharge him from all liability. In February 1991, Common Pleas issued a stay "pending the decision of the Court of Common Pleas of Greene County in the specially

assigned Commonwealth Court case of *Gateway School District v. Cinemette Theaters, Inc.,* originally docketed in the Commonwealth Court at 445 M.D. 4[,]" which also involved resolution of the boundary dispute. (Order of McFalls, J. of 2–22–91.)

In February 1996, Whiteford filed a motion to amend his complaint and for summary judgment.[3] Whiteford alleged that the *Cinemette* case was settled by stipulation and that the ruling did not affect the Miracle Drive property and tax bills. Whiteford further alleged that the legislature's passage of the Acts of May 20, 1993, P.L. 41 (Act 12) and P.L. 26 (Act 7)[4] resolved the boundary dispute and placed the Miracle Drive property in Westmoreland County.

After a hearing at which only Whiteford and Monroeville were represented, Common Pleas granted partial summary judgment in favor of Whiteford, declaring the Miracle Drive property to be located in Westmoreland County and enjoining the Allegheny County taxing authorities from imposing any taxes on the property and from maintaining the property on their tax rolls. The court ordered appointment of a master to settle all accounts and to make recommendations on the issue of Whiteford's requested financial relief.

Common Pleas denied a motion for reconsideration based on Allegheny County and Gateway School District's allegation that they received no notice of when Whiteford's motion for summary judgment would be presented. The court noted that the argument date was scheduled and notice was published according to local custom, and that the defendants alleged no reason for their failure to contact the motions clerk to ascertain the correct date or to clarify any uncertainty created by omissions in the published notice.

Our review of a trial court's grant of summary judgment is limited to determining

---

1. Monroeville and Gateway School District in Allegheny County and Murrysville and Franklin Regional School District in Westmoreland County.

2. Whiteford alleged that the taxing authorities in both counties issued tax statements to his predecessor in title, who had to pay all taxes assessed

by all six taxing authorities in order to transfer title.

3. Common Pleas deemed Whiteford's motion to amend to be in the nature of a motion to lift the stay.

4. 16 P.S. § 9105 and 72 P.S. § 4755.

whether the trial court made an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment should be granted only in a clear case, and the moving party bears the burden of demonstrating that no material issue of fact remains. *Id.* The record must be reviewed in the light most favorable to the nonmoving party. *Id.*

On appeal, the Allegheny County taxing authorities (Appellants) raise four issues for our consideration: whether Common Pleas had subject matter jurisdiction; whether the court erred in finding that the Appellants received adequate notice of argument on Whiteford's motion; whether the court failed to draw all factual inferences favorable to the non-moving parties; and whether Whiteford was bound by the outcome in *Cinemette.*

■ Section 302 of the Act of August 9, 1955, P.L. 323, 16 P.S. § 302, as repealed in part and amended by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a) [1310], provides, "The [Commonwealth] Court, upon the filing of such petition[ to determine, survey, relocate, or mark the boundary line between any two or more adjoining counties], shall designate a court of a county not affected by the question and not adjoining any of the counties involved to act in the proceeding." Citing this provision, Appellants contend that Common Pleas lacked jurisdiction over Whiteford's action because Commonwealth Court has exclusive and original jurisdiction over county boundary disputes.

While Appellants correctly state the law with respect to petitions to determine boundary lines, that law does not apply in this case because no such petition was filed and because the court's final determination did not have the effect of determining the boundary line.

Whiteford filed an action in equity in Common Pleas seeking to enjoin the both counties from collecting the tax or proceeding against the property until the counties took steps to ascertain the county boundary line and its relationship to the Miracle Drive property. Although the record indicates that Whiteford and both counties were aware of the statutory procedure for resolving boundary disputes,[5] neither county took any action except to threaten the taxpayer with sheriff's sale.

In reaching its decision to grant summary judgment, the court did not engage in fact finding, and it did not purport to "determine, survey, relocate, or mark the boundary line" within the meaning of Sections 301(a) and 302 of the Act of August 9, 1955, P.L. 323, 16 P.S. §§ 301(a), 302. Rather, the court made a strictly legal determination, applying Acts 12 and 7. In pertinent part, Section 1 of the Act 12 freezes the boundaries between any second-class and third-class counties as they appear in each county's official tax maps as of July 1, 1973, 16 P.S. § 9105. Section 1 of Act 7 prohibits a second-class county from imposing taxes on the property of an individual who had paid taxes on that property to a third-class county prior to a legally recognized boundary determination, 72 P.S. § 4755. Noting that Allegheny County was the only second-class county in Pennsylvania in 1993, the court reasoned that Acts 12 and 7 must have been directed at that county's efforts to expand its tax base.

■ As their second issue, Appellants claim they received insufficient notice that the motion would be presented. We cannot agree. Common Pleas found that adequate notice confirming the customary date for argument on the motion was published in accordance with the local rules. As noted by Common Pleas, Appellants give no reasons for their failure to inquire with the motions clerk or presiding judge, rather than with Whiteford, and the approximate date should have been obvious given the date the motion was filed. Appellants offer no support for their claim that Whiteford knew the argu-

---

5. In a 1982 letter attached to the complaint as Exhibit A, the Westmoreland County Solicitor stated that each year since 1976 he informed the Allegheny County and Monroeville taxing authorities about the statutory method for obtaining resolution of the boundary dispute and received no response.

ment date and chose not to reveal it when asked.

■ On the merits, we find that Common Pleas committed no error of law or abuse of discretion in granting summary judgment in Whiteford's favor. The court's decision did not require a factual determination as to which taxing authorities could properly assess tax. The court made a strictly legal determination that Acts 12 and 7 controlled the outcome in this case.

As for the effect of the *Cinemette* decision, the record indicates only that a stay was granted pending the outcome in that case. Although counsel for Whiteford filed a motion to approve a consent order making the *Cinemette* decision binding in this case, the court instead issued a stay pending the decision in *Cinemette* and not the consent order requested. The order contains no language that would make the *Cinemette* decision binding in this case. Furthermore, the court suggested that the Acts 12 and 7 would supersede the decision in *Cinemette* because the Acts make no exception for boundaries revised by court order.

In conclusion, Section 302 of the Act of August 9, 1955, P.L. 323, 16 P.S. § 302, does not apply in this case, and Common Pleas properly exercised its subject matter jurisdiction. Appellants had sufficient notice of the argument on the motion for summary judgment by reason of its publication in accordance with the local custom and rules. Common Pleas committed no error of law or abuse of discretion in its grant of summary judgment in favor of Whiteford. Accordingly, the order of the Court of Common Pleas of Allegheny County is affirmed.

PELLEGRINI, J., dissents.

### ORDER

AND NOW, this 26th day of December 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.