**WESTMORELAND COUNTY INDUSTRI-AL DEVELOPMENT AUTHORITY
and John K. Whiteford**

v.

**ALLEGHENY COUNTY BOARD OF PROPERTY ASSESSMENT, APPEALS AND REVIEW;** Allegheny County; Gateway School District; Municipality of Monroeville; County of Westmoreland; Westmoreland County Board of Assessment Appeals; Franklin Regional School District; Municipality of Murrysville.

Allegheny County, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 19, 1998.

Decided Jan. 27, 1999.

Byron D. Xides, Pittsburgh, for appellant.

John K. Whiteford, appellee, pro se.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Allegheny County (County) appeals from the May 26, 1998 order of the Court of Common Pleas of Allegheny County (trial court) that ordered the County to pay $2500.00 in counsel fees and $10,000.00 in punitive damages to John K. Whiteford. We reverse.

In January of 1991, Whiteford filed an equity action with the trial court seeking to determine the tax situs of his property, located at 3245 Miracle Drive.[1] Whiteford requested the trial court to appoint a receiver to hold all tax payments pending resolution of the boundary dispute, to enjoin the tax sale of the property, and to discharge him from all liability. In February of 1991, the trial court issued a stay pending the decision of the Greene County Court of Common Pleas in the specially assigned Commonwealth Court case of *Gateway School Dis-*

*trict v. Cinemette Theaters, Inc.* (*Cinemette*). Originally filed with the Commonwealth Court, *Cinemette* involved a boundary dispute over property that entirely surrounds Whiteford's property.[2] On December 16, 1991, *Cinemette* was resolved in favor of Allegheny County. In 1992, in a separate action initially filed with the Commonwealth Court by Whiteford's predecessors in title, the Greene County Court of Common Pleas held that the subject property was situated entirely in Allegheny County.

In 1993, the Pennsylvania legislature enacted the Acts of May 20, 1993, P.L. 41 (Act 12) and P.L. 26 (Act 7).[3] In pertinent part, Act 12 freezes the boundaries between any second-class and third-class counties as they appear on each county's official tax maps as of July 1, 1973. Act 7 prohibits a second-class county from imposing taxes on the property of an individual who has paid taxes on that property to a third-class county prior to a legally recognized boundary determination.

In February of 1996, Whiteford, appearing *pro se,* filed a motion to amend his complaint and for summary judgment.[4] Whiteford alleged that the *Cinemette* case had been settled by stipulation and that the ruling did not affect his property. Whiteford further alleged that the passage of Acts 12 and 7 resolved the pending boundary dispute and placed his property in Westmoreland County.

The trial court noted that in 1993 Allegheny County was the only second-class county in Pennsylvania and reasoned that Acts 12 and 7 must have been directed at that county's efforts to expand its tax base. The trial court granted partial summary judgment to Whiteford, declaring the subject property to be located in Westmoreland County, enjoining Allegheny County from imposing taxes

---

1. In connection with his obtaining title insurance, Whiteford was informed that the taxing bodies from Westmoreland and Allegheny Counties had been assessing taxes against the property since 1976 and that both counties had been aware of the boundary dispute since that time, but had taken no steps to resolve it.

2. The Commonwealth Court designated the Court of Common Pleas of Greene County to hear the matter, pursuant to Section 302 of the

Act of August 9, 1955, P.L. 323, 16 P.S. §302, as repealed in part and amended by the Judiciary Repeal Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a).

3. 16 P.S. §9105 and 72 P.S. §4755.

4. The trial court deemed Whiteford's motion to amend to be in the nature of a motion to lift the stay.

on the property and maintaining the property on its tax rolls, and ordering the appointment of a master to settle all accounts. The trial court's order was affirmed by this Court. *Westmoreland County Industrial Development Authority v. Allegheny County Board of Property Assessment, Appeals and Review,* 687 A.2d 44 (Pa.Cmwlth.1996), *appeal denied,* 548 Pa. 630, 693 A.2d 969 (1997).

In October of 1997, following the filing of the Master's Report, the trial court overruled exceptions to the Master's Report and ordered the taxing bodies to pay fees and expenses as allocated. On May 26, 1998, the trial court issued a decision finding that, since February of 1996, the County had opposed every motion and petition designed to bring the case to a conclusion without any basis. The trial court further found that the County had refused to participate in the Master's Hearing and had failed to correct its tax rolls until the court reminded it to do so on January 6, 1998.

The trial court concluded that the County had exercised unwarranted dominion over real estate in Westmoreland County since 1976, ignored the rule of law and had bullied residents of Westmoreland County, such as Whiteford and his predecessors in title. The trial court concluded that the uninterrupted obduracy of the County toward Whiteford merits the award of counsel fees under 42 Pa.C.S. § 2503. The court further concluded that Whiteford was entitled to a *"pro se* equivalent" of attorney fees, and determined that $2500.00 represented a reasonable fee for the work Whiteford had performed on his own behalf. In addition, the trial court concluded that the County's deplorable conduct warranted an award of $10,000.00 in punitive damages.

■ On appeal to this Court, the County first argues that the trial court erred in ordering the County to pay counsel fees. Initially, we note that the trial court erred in awarding counsel fees without a hearing. *State Farm Mutual Automobile Insurance*

*Co. v. Allen,* 375 Pa.Super. 319, 544 A.2d 491 (1988).

■ Section 2503(7) of the Judicial Code, 42 Pa.C.S. §2503(7), provides that counsel fees may be awarded as a sanction against a party for dilatory, obdurate or vexatious conduct during the pendency of a matter. Conduct prior to or following the pendency of the action cannot form a basis for an award of counsel fees. *See White v. Redevelopment Authority of McKeesport,* 69 Pa.Cmwlth. 307, 451 A.2d 17 (1982). Because the case was stayed for five years, we review the record from February of 1996.

■ Generally, if the record supports a court's finding of fact that a party's conduct was dilatory, obdurate or vexatious, as award of counsel fees will not be disturbed absent an abuse of discretion. *Township of South Strabane v. Piecknick,* 546 Pa. 551, 686 A.2d 1297 (1996). After careful review, we conclude that the record does not support the trial court's finding that the County acted in a dilatory, obdurate or vexatious manner during the pendency of this action.

The trial court found that, since February of 1996, the County vehemently opposed every motion and petition designed to bring the matter to a close, with no basis other than its obdurate indifference to the rule of law. However, the docket reflects that no motions or petitions were filed subsequent to the filing of Whiteford's amended complaint/motion for summary judgment and the County's answer and new matter in response thereto.

■ We emphasize that the trial court's findings with respect to the County's action in placing Whiteford's property on its tax rolls provide no basis for an award of counsel fees, as pre-litigation conduct is not covered by 42 Pa. C.S §2503. *Norris v. Commonwealth,* 159 Pa.Cmwlth. 23, 634 A.2d 673 (1993); *Cher–Rob, Inc. v. Art Monument Co.,* 406 Pa.Super. 330, 594 A.2d 362 (1991).[5]

■ We also note that an award of counsel fees is intended to reimburse an

---

5. The trial court also cited the County's failure to participate in the Master's hearing; however, although the County elected not to participate in the hearing, the costs of those proceedings were borne solely by the defendant taxing bodies, not Whiteford, pursuant to the trial court's order of November 19, 1996.

 

innocent litigant for expenses made necessary by the conduct of his opponent. *American Mutual Liability Insurance Co. v. Zion & Klein,* 339 Pa.Super. 475, 489 A.2d 259 (1985). During the relevant period of this litigation, beginning in February of 1996, Whiteford proceeded *pro se.* We conclude that the statute does not provide authority for an award of a *"pro se* equivalent" of counsel fees to a *pro se* litigant.

■ The County also correctly argues that punitive damages are not recoverable against a municipality unless such recovery is expressly authorized by statute. *Township of Bensalem v. Press,* 93 Pa.Cmwlth. 235, 501 A.2d 331 (1985); *Feingold v. Southeastern Pennsylvania Transportation Authority,* 512 Pa. 567, 517 A.2d 1270 (1986). Thus, the trial court erred in awarding punitive damages in this matter.

Accordingly, the order of the trial court is reversed.

### ORDER

NOW, January 27, 1999, the order of the Court of Common Pleas of Allegheny County is reversed.