J-A06012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CARMEN ENTERPRISES, INC., F/D/B/A CRUISE HOLIDAYS OF NORRISTOWN & BYEBYENOW.COM TRAVEL STORE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MURPENTER, LLC, D/B/A UNIGLOBE WINGS TRAVEL | |
| Appellant | No. 950 EDA 2014 |

Appeal from the Judgment Entered March 26, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 02-07223

| | |
|---|---|
| CARMEN ENTERPRISES, INC., F/D/B/A CRUISE HOLIDAYS OF NORRISTOWN & BYEBYENOW. COM TRAVEL STORE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MURPENTER, LLC, D/B/A UNIGLOBE WINGS TRAVEL | |
| Appellant | No. 1115 EDA 2014 |

Appeal from the Judgment Entered March 26, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): 02-7223

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

CONCURRING AND DISSENTING MEMORANDUM BY JENKINS, J.

**FILED AUGUST 12, 2015**

I agree with the learned Majority's determinations that Murpenter is not entitled to relief on its cross-appeal claim and that Carmen's sanctions claim merits no relief. However, I respectfully disagree with and dissent from the Majority's conclusion that Carmen is entitled to attorney's fees for legal work performed by Bruce Chasan on its behalf.

"[A]n award of counsel fees is intended to reimburse an innocent litigant for expenses made necessary by the conduct of his opponent." ***Westmoreland Cnty. Indus. Dev. Auth. v. Allegheny Cnty. Bd. of Prop. Assessment***, 723 A.2d 1084, 1086-87 (Pa.Commw.Ct.1999).[1] A *pro se* litigant may not recover counsel fees. ***Westmoreland***, 723 A.2d at 1087 ("[42 Pa.C.S. § 2503] does not provide authority for an award of a "*pro se* equivalent" of counsel fees to a *pro se* litigant."). This is so because no agency relationship can exist in *pro se* litigation. ***Kay v. Ehrler***, 499 U.S. 432, 111 S.Ct. 1435 (1991). As the Supreme Court of the United States has explained after noting that the definition of the word "attorney" universally contemplates one individual acting on behalf of another:

> Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods

---

[1] "Although decisions of the Commonwealth Court are not binding on this Court, we may rely on them if we are persuaded by their reasoning." ***Charlie v. Erie Ins. Exch.,*** 100 A.3d 244, 253 n.9 (Pa.Super.2014) (citation omitted).

of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators.

***Kay***, 499 U.S. at 437-38, 111 S. Ct. at 1438 (footnote omitted).

Bruce Chasan, Esquire, was Carmen's sole shareholder throughout the majority of this litigation.[2] Along with other attorneys, Chasan represented Carmen in this matter and claimed in excess of $905,000.00 for legal work performed on Carmen's behalf.[3] ***See*** Plaintiff's Motion to Mold the Verdict (Decision), p. 2, R.R. 755a; N.T. 2/10/2014, p.21, R.R. 1534a. However, Chasan produced no fee agreement between himself and Carmen, no invoices from Carmen for his legal work, and no checks evidencing payment to him from Carmen therefore. ***See*** N.T. 2/10/2014, pp. 95-97, R.R. 1552a-1553a.

---

[2] Chasan now holds only 90% of Carmen's shares. Chasan's two children hold the remaining 10% of Carmen's shares, 5% each. ***See*** N.T. 2/10/2014, p. 90-91, R.R. 1551a.

[3] The trial court awarded reasonable attorney's fees to Carmen's other counsel in this matter as follows:

| | |
|---|---|
| Gilbert J. Scutti: | $48,868.17 |
| Stephen A. Sheinen: | $ 4,600.00 |
| Gary Mezzy: | $ 2,013.34 |
| Alan B. Kane: | $ 4,140.00 |

Chasan's portion of Carmen's representation is de facto *pro se* representation for which neither he nor Carmen may recover attorney's fees. That Carmen is a corporation – an entity that is incapable of representing itself – as opposed to an individual representing himself, does not change the analysis. Although this Court has not ruled on the issue, the Commonwealth Court determined that a company represented by an attorney owner may not recover attorney's fees. ***See Maurice A. Nernberg & Associates v. Coyne***, 920 A.2d 967, 972 (Pa.Commw.Ct.2007) (law firm represented by its attorney owner not entitled to recover attorney's fees for work legal representation by owner). Therefore, Carmen cannot recover attorney's fees for the portion of its representation provided by attorney owner Chasan.[4] ***See Westmoreland***, ***supra***; ***Nernberg***, ***supra***.

I understand and appreciate the Majority's position that a contract provision, not a fee-shifting statute, governed the attorney's fees in this matter. ***See*** Majority Memorandum, pp. 8-11. However, I do not believe

_____

[4] Further, the trial court "observed the marked difference in the conduct of co-counsel, [] who acted with an independent and reasoned approach at trial in contrast to co-counsel, Bruce Chasan, Esq. who (understandably) was emotionally and personally embroiled in the controversy." Trial Court Pa.R.A.P. 1925(a) Opinion, dated June 9, 2014, p. 14 n.9. The trial court's observation illustrates the exact conflict discussed by the Supreme Court in ***Kay***, ***supra***.

this distinction alters the analysis of Carmen's entitlement to attorney's fees for Chasan's *pro se* representation.[5]

For these reasons, I would find the trial court properly precluded attorney owner Chasan from recovering attorney's fees for his representation of Carmen. As a result, I would affirm the trial court's order in its entirety. Accordingly, I am compelled to dissent.

_____

[5] I note with approval that the trial court awarded fees to multiple other attorneys who represented Carmen pursuant to the contractual provision noted by the Majority. **See** Note 3, ***supra***.